CHANCERY. Wathen's Executor *vs.* Chamberlin &c.

[Messrs. Allen and Craddock for plaintiffs: Mr. Pirtle for defendants.]

FROM THE CIRCUIT COURT FOR HARDIN COUNTY.

*June 4.* Judge MARSHALL delivered the Opinion of the Court.

Grounds upon which courts of equity take jurisdiction to set off demands purely legal.

The insolvency of one of two mutual debtors existing at the time of filing the bill, is a sufficient ground for a set-off as between them. But—

Between an obligor and assignee, the insolvency of the obligee occurring after the obligor has had notice of the assignment, will not entitle him to a set-off. For—

The right to set off mutual, independent, demands, is not itself an equity: it only becomes so in consequence of some additional fact—as insolvency; and if the demand has been assigned, and notice given to the payor, when no such fact existed, its subsequent existence will not create an available equity against the assignee.

THE case of Tribble vs. Taul, 7 *Mon.* 455, establishes the doctrine that, the court of equity will not take jurisdiction to set off demands purely legal, unless upon one of the following grounds: 1. that the demands are connected, as that one is the *consideration of the other*; or, 2. that there has been an agreement to set them off against each other; or 3. that they have been completely liquidated at law; or 4. that there is some obstacle to the proceeding at law for coercing the demand sought to be set off—as nonresidence, insolvency or the like. And perhaps under this head may be included any fact which might sufficiently excuse the failure to rely upon the set-off as a defence to an action at law, in which the demand on the other side has been asserted.

The only ground alleged in this case, for the interposition of the Chancellor, is the insolvency of the party. But although the insolvency of one of the mutual debtors, existing at the time of filing the bill, would be a sufficient ground of equitable jurisdiction as between them, yet where one of the mutual debts, existing in the form of a note, is assigned to a third person, it seems clear that the insolvency of the obligee commencing after the obligor has notice of the assignment, can never attach as an equity against the note in the hands of the assignee, nor furnish, in itself, a ground for setting off against it, the debt of the obligee to the obligor. An equity against an obligee, to be available against an assignee, must have existed before notice of the assignment. *Ridgway vs. Collins &c.* 3 *Marsh.* 412. The mere right of set off, arising from the existence of mutual but unconnected demands, is not itself an equity. It becomes an equity only in consequence of some additional fact, as

insolvency. And if that fact does not exist before no- <span>Spring Term 1839.</span>
tice of the assignment, it follows from the principle of
the case last cited, that its subsequent existence can
create no available equity against the assignee.

The complainant alleges, in an amended bill, that the
obligee of the note was insolvent, before *he* had notice
of the assignment, but this is denied by the assignees in
their answer. And we are of opinion that the proof
does not establish the insolvency of the obligee of the
note at the time referred to, nor show that the com-
plainant could not then have coerced his demand by the
diligent use of legal process.

Wherefore, the decree dismissing the bill and dissolv-
ing the injunction, is affirmed.

