Chief Justice Marshall
delivered the opinion of the Court.
Although the complainants allege the insolvency of Kellogg, Weissinger & Co., at the filing of this bill, they do not allege it as existing before notice of the assignment of their note by Kellogg to Duncan. And as, according to the principle settled in Wathen, &c., vs Chamberlaine, (8 Dana, 164,) this fact is the essential ground of their equity to a set-off against the assignee of their note to Kellogg, their own demand against the firm of Kellogg, Weissinger & Co., the failure to state this fact, is a fatal defect in the merits of their claim, as addressed to the equitable consideration of the Chancellor.
*94 But jf this defect were remedied, or if it be supposed that there is any thing in the pleadings of the complainants which may be taken as equivalent to the allegation of insolvency before notice of the assignment to Duncan, still we are of opinion that their claim to a set-off, by which the loss, if any, is to be thrown upon Duncan, cannot be allowed without a violation of the principles of equity, on which alone its allowance depends. They, in common with other creditors of K., W. & Co., have accepted the provisions of a deed of trust, whereby K., W. & Co. have conveyed all their property for the security and ultimate satisfaction of their debts, among which is that now offered to be set-off. It' is this conveyance which, divesting them of their property, constitutes or causes their insolvency, except as to the debts provided for.- And these debts will, as the trustee thinks, in a few years, and under such administration as the deed authorizes, be satisfied out of- the means appropriated to their discharge. Then the case is, that as to Kellogg’s responsibility to Duncan,he is certainly insolvent, and that,in part,by the concurrence of the complainants, and for the security of the very demand which they offer to set-off; but as to the complainants’ demands against K., W. & Co., they are not certainly insolvent, and, perhaps, indeed probably, will not prove to be so under that test to which the complainants have assented. Suppose Kellogg alone had been their debtor, and that, before notice of the assignment of their note to him, they had, instead of claiming a set-off, taken a mortgage upon all of his property, to be void if their debt should be paid in three years, could they, on the ground that the mortgaged estate might possibly prove insufficient, and that there were no other means outside of the mortgage, claim that, in equity and good conscience, their demand should be set-off against their note in the hands of an innocent assignee, and that he should be subjected to the loss óf his debt, or driven to assail their mortgage, or compelled to await the result of its foreclosure? We think they could not. And if, in the case supposed, or *95 in that actually presented, the equity of the complainants should be deemed superior to that of the assignee, , . , . i . .i-,. we are of opinion that, m this contest, to avoid loss, the loss should not be thrown upon the assignee, further than was necessary to serve their just demands, purged of usurious interest. But as for the reasons before stated, we think the complainants are not entitled to set-off claimed by them, therefore, the decree is reversed, and the cause remanded, with directions to dismiss the bill.
Duncan Sf Ripley for plaintiff; Loughborough Sf Ballard for defendants.