SAMUEL S. DAVIS, Respondent, v. HECTOR TOULMIN, Appellant.

In an action between co-sureties for contribution, the defendant cannot avail himself of an indebtedness of the plaintiff to the principal as a defense.

*It seems,* however, that if the plaintiff has received from the principal any money or property as payment or security, he will be obliged to account for the same.

(Argued April 11, 1879; decided May 20, 1879.)

APPEAL from judgment of the General Term of the City Court of Brooklyn, affirming a judgment in favor of plaintiff, entered upon a decision of the court on trial without a jury.

This was an action for contribution. The parties were co-sureties for one Tuck upon an undertaking given on appeal; the judgment was affirmed. Judgment was recovered upon the undertaking, which plaintiff paid.

Defendant offered to prove on the trial that plaintiff was indebted to Tuck on account to an amount much larger than the amount paid by plaintiff. This was objected to; objection sustained, and defendant's counsel duly excepted.

*Edgar A. Hutchins*, for appellant. Plaintiff was bound to account to his co-surety for anything received by him from the principal debtor before calling on him for contribution. (*Ramsey* v. *Lewis*, 30 Barb., 403; *McCormack* v. *Obannon*, 3 Mumf., 484; *Hindshell* v. *Murray*, 6 Vt., 136; *Agnew* v. *Bell*, 4 Watts, 31; *Elwood* v. *Deifendorf*, 5 Barb., 405.) A co-surety is entitled to any indemnity (or the avails of it) which the co-surety, suing for contribution had from the principal debtor, or his estate. (Theobald on Prin. & Sur. Ch. 11, § 283; *Doolittle* v. *Dwight's Adm'x*, 2 Metc., 561; *Morrison* v. *Points*, 4 Dana Ken. Rep., 307, 310, 311; *Moore* v. *Moore*, 4 Hawkes, 358; *Gregory* v. *Morrell*, 2 Iredell's Eq. R. [N. C.], 233; *Agnew* v. *Bell*, 4 Watt's Penn. Rep., 31.) Equity demands that cross demands be set off against each other, if from the nature of the claims or the situation of the parties, justice cannot otherwise be done. (*Smith* v. *Felton*, 43 N. Y., 419; *Pond* v. *Smith*, 4 Conn., 297; *Mitchell* v. *Oldfield*, 4 T. R., 123; *Dunn* v. *Elliott*, 2 H. Bl., 587; *Ex parte Hanson*, 2 Ves., 346; Barbour on Set-offs, 189; *Ex parte Stevens*, 11 Ves., 24; *Freeman* v. *Lomans*, 9 Hare, 116; *Lindsay* v. *Jackson*, 2 Paige, 581; *Simson* v. *Hart*, 14 J. R., 63; *Wells* v. *Miller*, 66 N. Y., 258.)

*Daniel T. Walden*, for respondent. Defendant could not set up, by way of counter-claim, recoupment or set-off, a cause of action existing in favor of the principal against plaintiff. (*O'Blemis* v. *Karing*, 57 N. Y., 649; *Gillespie*

v. *Torrance*, 25 id., 306; *Lasher* v. *Williamson*, 55 id., 619; *Springer* v. *Dwyer*, 50 id., 19, 22; *Mills* v. *Pearson*, 2 Hilton, 16; Code, § 117.)

CHURCH, Ch. J. The action was for contribution between co-sureties. The exception raises the question whether in such an action, it is competent for the defendant to avail himself of an indebtedness of the plaintiff to the principal, as a defense.

The authorities are decisive against it. (*O'Blemis* v. *Karing*, 57 N. Y., 649; *Lasher* v. *Williams*, 55 id., 619; *Springer* v. *Dwyer*, 50 id., 19.) If the co-surety suing for contribution has received any money or property as payment, or security from the principal, he will be obliged to account for the same, but a simple indebtedness to the principle cannot be availed of by the defendant. In case of insolvency there may be cases where equity having all the parties before it might relieve, but no such question is presented in this case.

We concur with the opinion at Special Term.

The judgment must be affirmed.

All concur.

Judgment affirmed.