SELIGMANN, Appellant, vs. HELLER BROTHERS' CLOTHING
COMPANY, Respondent.

*September 23 — October 11, 1887.*

*Equitable setoff: Estoppel: Pleading: Practice.*

1. A judgment against an insolvent firm is a good equitable setoff to
a debt due to one of the partners from the judgment creditor or his
assignee; and an entry at the foot of the record of the judgment
against the firm to the effect that an execution has been issued on
it and returned unsatisfied is sufficient *prima facie* evidence of the
insolvency of the firm to render such setoff admissible.

2. Though such a setoff would not be allowed in a suit for plaintiff's earn-
ings, if commenced within the three months during which they were
exempt, yet he is chargeable with notice of the effect of delay, and
the fact that his failure to bring suit within that time was induced ·
by the fraud of the defendant and his concealment of his owner-
ship of such judgment will not estop the latter to plead such
setoff.

3. The rendering and docketing of a judgment for plaintiff for the full amount of his claim, with interest, and then allowing a judgment, pleaded by the defendant as a setoff, to be set off in satisfaction thereof, without giving to the defendant a judgment for the excess of his claim, is the allowance of an equitable, not of a statutory, setoff.

4. A reply to an answer pleading as a setoff a judgment assigned to defendant, which denies that the defendant is the owner of such judgment, or had purchased it or paid any consideration for it, or that plaintiff is indebted to defendant thereon, in effect admits the assignment and only puts in issue the consideration therefor, and estops the plaintiff to object that the assignor had no authority to assign the same.

APPEAL from the Circuit Court for *Milwaukee* County.

Action by plaintiff to recover a balance of $380 and interest, due him from the defendant company, December 31, 1885, for labor and services. The answer of defendant admits its indebtedness as claimed, but interposes, by way of setoff and counterclaim, a judgment for $555.40, recovered January 28, 1879, in the circuit court, by E. R. Mudge and others against Charles Wassermann, Rudolph Seligmann, and the plaintiff, on a demand against them as partners, and duly assigned to the defendant, May 14, 1884. This action was commenced April 19, 1886.

The cause was tried by the court (a jury having been waived), and the findings of fact are in accordance with the above statement. Judgment in accordance with the conclusions of law was rendered for the plaintiff for the sum claimed, and admitted in the pleadings, and for interest and costs. The judgment also directs the clerk, when the same is docketed, to enter a satisfaction and discharge thereof, and to credit upon the docket of the judgment so pleaded as a setoff the amount of the judgment in this action as having been paid by the present plaintiff. The plaintiff appeals from that portion of the judgment herein which allows the setoff.

The cause was submitted for the appellant upon the brief

of *Turner & Timlin,* and for the respondent on that of *Jenkins, Winkler, Fish & Smith.*

For the appellant it was contended that the defendant's judgment, being against copartners, could not be set off at law against one of the partners. Secs. 2656, 4258, R. S. and Revisors' notes, S. & B. Suppl. pp. 831, 832; *Graves v. Woodbury,* 4 Hill, 559; *Wilson v. Runkel,* 38 Wis. 526; *McConihe v. Hollister,* 19 Wis. 269; *Blankenship v. Rogers,* 10 Ind. 333; Waterman on Setoff (2d ed.), secs. 220, 221, 222; *Mahaney v. Penman,* 4 Duer, 603; *Holmes v. Honie,* 8 How. Pr. 383; *Snyder v. Spurr,* 33 Conn. 407. No peculiar equity exists in this case to sustain an equitable setoff. Waterman on Setoff (2d ed.), secs. 341, 342, 406, 407. Proof of authority to assign the judgment was necessary. *Benjamin v. Houston,* 24 Wis. 311; 1 Greenleaf, Ev. 498; Story's Agency (9th ed.), sec. 39; *Seeley v. Albrecht,* 41 Mich. 525, 528; *Agnew v. Johnson,* 17 Pa. St. 373. Evidence to show that part of plaintiff's claim was exempt, and to establish the facts constituting an estoppel, was improperly excluded. *Norton v. Kearney,* 10 Wis. 443; *Vilas v. Mason,* 25 id. 310.

For the respondent it was argued that the demand against plaintiff and others, being put into judgment, became several and a proper setoff against either debtor. *Moody v. Willis,* 41 Miss. 347; *Rust v. Burke, Turner & Co.* 57 Tex. 341; *Hutchins v. Riddle,* 12 N. H. 464; Waterman on Setoff, sec. 212; *Hammett v. Sprowl,* 31 La. Ann. 327; *Boyd v. Beaudin,* 54 Wis. 193; *Ballinger v. Tarbell,* 16 Iowa, 491. A valid assignment of the judgment was proved. *Robbins v. Fuller,* 24 N. Y. 570; *Bach v. State Ins. Co.* 64 Iowa, 595; *Milliken v. Loring,* 37 Me. 408; *Morse v. Bellows,* 7 N. H. 567, 568.

LYON, J. The arguments of the respective counsel were addressed mainly to the question whether the matters pleaded in the defendant's answer constitute a valid setoff

under the provisions of R. S. sec. 4258. It must be admitted that there is considerable conflict of authority in the books on this question. While there are many cases which hold that those matters do not constitute a valid statutory setoff, cases are not wanting which hold the contrary. Although the judgment pleaded as a setoff was rendered upon a partnership demand, which is in its nature joint, and not several, and is against three parties, yet considering that, after the demand passed into judgment, each partner is liable for the payment of the whole thereof, it is difficult to find in the statute above cited any provision which prohibits such setoff. Indeed, there is much therein which seems to authorize it, and upon principle it is not easy to perceive why it should not be allowed as a statutory right. But for reasons which will now be stated we find it unnecessary to determine that question.

Manifestly, the trial court did not allow the setoff under the statute, because, had it done so, judgment would have been rendered for the defendant pursuant to sec. 4262. That section is as follows: "If the amount of a setoff duly established be equal to the plaintiff's debt or demand, judgment shall be entered that the plaintiff take nothing by his action." The setoff exceeded the plaintiff's demand, yet no such judgment was rendered. On the contrary, the plaintiff had judgment for the full amount of his claim, with interest and costs of suit, and the setoff was not made until after the judgment had been duly docketed. It is perfectly apparent, therefore, that the allowance of the setoff was an exercise of the inherent power of the court, without reference to the statute. That power in a proper case is fully recognized by the learned counsel for the plaintiff. In the language of GIBSON, C. J., in *Ramsey's Appeal*, 2 Watts, 228, quoted by the counsel, "Judgments are set against each other, not by force of the statute, but by the inherent powers of the courts, immemorially exercised, be-

ing almost the only equitable jurisdiction originally apper-
taining to them as courts of law." See *Spear v. Dey,* 5
Wis. 193.

But it is said that this is not a proper case for the exer-
cise of the power of equitable setoff, because the judgment
pleaded as a setoff is jointly against the plaintiff and others
who are strangers to this action. The decided weight of
authority, however, is against this proposition. The cases
which assert the right of setoff under such circumstances
are very numerous. Among them are the following: *Sim-
son v. Hart,* 14 Johns. 63; *Graves v. Woodbury,* 4 Hill, 559;
*Greene v. Hatch,* 12 Mass. 195; *Hutchins v. Riddle,* 12 N.
H. 464; *Ballinger v. Tarbell,* 16 Iowa, 491; *Moody v. Wil-
lis,* 41 Miss. 347; *Rust v. Burke,* 57 Tex. 341. See, also,
Wat. Setoff, §§ 334, 341, and notes. Many of the cases,
perhaps most of them, hold that the insolvency of the debtor
is essential to the right of equitable setoff. In the pres-
ent case, the insolvency of the plaintiff sufficiently appears.
The record shows that an execution on the judgment against
the plaintiff and his copartners has been returned unsatis-
fied. This appears by an entry at the foot of the judgment
against them, a copy of which is found in the bill of excep-
tions, and is sufficient *prima facie* evidence of the insolv-
ency of the judgment debtor. We conclude, therefore,
that the equitable setoff was properly allowed.

2. An assignment of the judgment pleaded as a setoff was
read in evidence on the trial. It was executed by one of the
plaintiffs. The objection is made that it does not appear that
the party executing it had authority from his co-plaintiffs to
make such assignment. We think the objection is not avail-
able to the plaintiff under the pleadings. In the reply of
plaintiff to the setoff and counterclaim it is denied that the
defendant is the owner of the judgment, or that it purchased
it, or paid any consideration therefor, or that he is indebted
to the defendant upon it in any sum whatever. But there

is no express denial of the averment in the answer that such judgment was assigned, transferred, and set over to the defendant. The fair construction of the reply is that it admits the assignment as alleged, and claims that it was merely colorable and without consideration, and insufficient to pass the ownership thereof to the defendant. The defendant proved that it purchased the judgment, and paid a valuable consideration therefor, and the court found that it was the owner thereof, and had been such owner ever since May 14, 1884. We conclude that the finding is supported by the pleadings and evidence.

3. When the demand of the plaintiff became due, December 31, 1885, the same was exempt from seizure or garnishment for his debts, because it consisted entirely of his earnings during the preceding three months, which are so exempted by statute. Laws of 1882, ch. 318; S. & B. Supp. 648, sec. 2982, subd. 15. Had the plaintiff commenced an action therefor immediately after the same became due, probably such exemption would have defeated the equitable setoff allowed by the court. Otherwise money thus exempt would have been appropriated without his consent to the payment of his debts. No court would thus exercise its equitable jurisdiction to defeat the plain purpose of the statute. But the action was not commenced until more than three months after the debt for wages became due. The plaintiff, however, alleges in his reply that the defendant fraudulently induced him to wait for his pay for the purpose of preventing him from claiming that the money due him was exempt from seizure for his debts, and concealed from him the fact that the defendant company was the owner of the judgment pleaded as a setoff. The plaintiff also offered testimony to prove such averments in his reply, but the court rejected the same.

The question is, did the conduct alleged against the defendant operate to keep the right of exemption good, notwith-

standing more than three months elapsed after the money was earned before this action was commenced? We think this question must be answered in the negative. The plaintiff is chargeable with knowledge that as soon as the three months expired, the holder of the judgment might lawfully proceed by garnishment or otherwise to reach the indebtedness of the defendant to him. He waited until his exemption expired, at his peril. It is quite immaterial that he did not know the defendant owned the judgment against him. So, also, is the motive immaterial which prompted the defendant to induce him to forbear prosecuting his claim until his right of exemption had expired. We have here no element of an estoppel, for the plaintiff delayed the prosecution of his demand with full knowledge of the consequences which might follow therefrom.

We find no error in the record sufficient to justify a reversal of the judgment.

*By the Court.*— Judgment affirmed.

