THE STATE EX REL. STODDARD, Respondent, vs. BATE, Appellant.

*December 14, 1887 — January 10, 1888.*

*(1) Municipal elections: Recount of. ballots, by whom made. (2) Evidence: Ballots.*

1. Under sec. 6, ch. 464, Laws of 1885, a recount of the votes at a municipal election must be made by the inspectors of election at the several precincts, and not by the canvassing board.
2. Where no steps have been taken for a lawful recount of the ballots cast at any election, and the time has elapsed within which they should have been destroyed as required by law, such ballots have no legal existence, and are not admissible in evidence in an action to try the title to an office.

APPEAL from the Circuit Court for *Chippewa* County.

The case is stated in the opinion. The defendant appealed from a judgment establishing the title of the relator to the office of city clerk of the city of Chippewa Falls.

For the appellant there was a brief by *Stafford & Connor*, and oral argument by *Mr. Connor*. To the point that the ballots were improperly rejected as evidence in the case, they cited *People ex rel. Dailey v. Livingston*, 79 N. Y. 279; *People ex rel. Daily v. Livingston*, 18 Hun, 59; *People ex rel. Lake v. Higgins*, 3 Mich. 233; *People ex rel. Dickinson v. Sackett*, 14 id. 320; *People v. Cicott*, 16 id. 306; *O'Gorman v. Richter*, 31 Minn. 25; *Fowler v. State*, 68 Tex. 30; *Long v. State*, 17 Neb. 60; *Word v. Sykes*, 61 Miss. 649; *Patton v. Coates*, 41 Ark. 111; *State v. State Canvassers*, 17 Fla. 29; *Hodge v. Linn*, 100 Ill. 397; McCrary on Elections, secs. 126–129; *Dorey v. Lynn*, 31 Kan. 758; *Coglan v. Beard*, 67 Cal. 303.

*D. Buchanan, Jr.*, for respondent, argued, among other things, that the section of the act providing for the destruction of the ballots within a certain time is mandatory. *State ex rel. Doerflinger v. Hilmantel*, 21 Wis. 566. Ballots not kept and secured as required by law are not admissible in evidence. *People ex rel. Dailey v. Livingston*, 79 N. Y. 287; *Hudson v. Solomon*, 19 Kan. 177; *Kingery v. Berry*, 94 Ill. 515; McCrary on Elections, secs. 277, 555; Cooley's Const. Lim. 625.

ORTON, J. This is a civil action under the statute, in the place of an information in the nature of the writ of *quo warranto*, brought by the respondent, claiming the office of clerk of the city of Chippewa Falls, against the appellant as an intruder therein. The following are briefly the facts: The votes cast at the municipal election in said city on the 1st day of March, 1887, for city clerk, were duly canvassed, and a statement thereof filed with, and the ballot-boxes

The State ex rel. Stoddard vs. Bate.

sealed, with the ballots therein, returned to, the city clerk, according to sec. 4 of the charter of said city, passed in 1885 [Laws of 1885, ch. 164, subch. 3, sec. 4]. According to such canvass the respondent received for that office 334 votes, and the appellant only 333 votes, and the certificate of election was given the respondent. Within three days after the election ten qualified voters of each ward of the city filed with the city clerk statements in writing to the effect that they had reason to believe that the returns of the inspectors of said election were erroneous, with a view of having a recount of said votes according to sec. 6, ch. 464, Laws of 1885. The city clerk forthwith transmitted said statements to the city canvassers, consisting of the city clerk, city attorney, and mayor, and they proceeded to make such recount, after giving the notice and within the time provided by said section, and upon such recount determined that the appellant received 334 votes at such election, and the respondent received only 333 for said office; and this statement was filed with, and the votes again placed in the envelope and sealed and returned to, the city clerk. So far, then, the case stands thus: The result of the original canvass is the evidence of the respondent's title, and the result of this recount is the only evidence of the appellant's title to the office. This recount, however, on objection, was rejected by the court as being without jurisdiction of the original canvassers to make it. This presents the first question.

It is surprising that there should have been any question raised as to the meaning of the language of the statute. The language of sec. 6, ch. 464, Laws of 1885, in respect to a recount of the votes of a municipal election, and which the appellant evidently sought to follow, and especially in respect to the officers or board who are empowered to make it, is plain and unambiguous, and cannot possibly have but one meaning, and that is, just what it imports, " the clerk

shall forthwith transmit such statement to the *inspectors* or the committee, if any," etc. There was no evidence that there was any *committee*, and so we have nothing to do with that word, any further than it may modify the meaning of the word *inspectors*. It is not impossible for the inspectors to appoint a committee in the business of the recount, and therefore it cannot modify or affect the meaning of the word inspectors. The language is, further, " who upon the certificate of the inspectors or of *their* committee," and this not only repeats the word *inspectors*, but clearly shows that the inspectors may have a committee. In order to make assurance doubly sure, the twelfth section of the act specially defines who are meant by " inspectors." " The word *inspectors* as used in this act, shall be construed to include all city, village, and town officers or boards receiving ballots and in charge of the polls at any election." Any argument upon the question would imply a doubt as to the meaning of this plain and explicit language, when there can be no doubt. In the recent case of *State ex rel. Anderton v. Kempf*, 69 Wis. 470, there was a recount by the inspectors, and this court held the complaint predicating the relator's right to the office upon it as not demurrable, thus sanctioning that tribunal for a recount as the proper one.

It follows that the canvassers or canvassing board is not the proper tribunal to recount the votes on such a contest. The evidence of it, therefore, in this case, was properly rejected. Whereupon the appellant offered the votes, which had been properly preserved in a sealed envelope and returned to the clerk, as provided in said sec. 6 after a recount lawfully made. On objection they were rejected, presumably on the ground that they had no legal existence and were, in contemplation of law, destroyed after the time had elapsed for a recount. Sec. 4 of the above act provides that within three days after the time limited for such a recount (which, according to sec. 5, cannot exceed thirty days) " the

clerk shall cause such ballots to be destroyed, without examining them *or permitting them to be examined by any person whatever*, and shall make an entry in the records of his office that such ballots have been destroyed." The violation of these requirements is made punishable by a fine not exceeding two hundred dollars, or by imprisonment in the county jail not more than six months. Can there be any doubt that these requirements were violated by the clerk and canvassers in this unauthorized and unlawful recount? There have been no steps taken, as yet, for a lawful recount under the statute, and the ballots therefore no longer have any legal existence. Besides this, the ballots have been unlawfully examined and intermeddled with by those who had no such right, and their identity and authentication have been destroyed, and they are no longer legal evidence for any purpose. In *State ex rel. Anderton v. Kempf, supra,* there appeared to have been a lawful recount and the ballots lawfully preserved, and they were held, therefore, to be still legal evidence. But in this case there can be no possible doubt that the ballots were properly rejected as evidence.

These conclusions are so reasonable and inevitable that there can be no respectable authorities cited, or serious argument made, against them. The learned counsel of the appellant showed commendable zeal and great ability to sustain their positions, but the statute and common reason defeat their we'l-intended efforts to achieve success in such a case. The plaintiff, or relator, showed a lawful right to the office, and the defendant, or appellant, showed no such right, or any warrant for his intrusion into the office.

*By the Court.*— The judgment of the circuit court is affirmed.