GERHARD BECKER *vs.* W. P. NORTHWAY and Intervenor.

### July 14, 1890.

**Action against Surety—Set-Off of Debt due Principal.**—In an action against a surety, if the principal debtor be a party, and he be insolvent, the surety may set off against the debt sued on a debt due from the plaintiff to the principal debtor.

**Same—Intervention and Set-Off by Principal.**—If the action be brought against the surety alone, the principal debtor may intervene for the purpose of defeating a recovery by the plaintiff, and for that purpose may set off a debt due him from the plaintiff.

**Set-Off—Breach of Contract involving Tort.**—Where there is a breach of a contract, although the breach also involve a tort, the cause of action may be used as a set-off.

Appeal by plaintiff from orders of the district court for Hennepin county, *Rea,* J., presiding, overruling his demurrers (1) to the answer, and (2) to a complaint in intervention.

*G. E. Matile* and *Matile & Brice,* for appellant.

*E. D. Jackson,* for respondents.

GILFILLAN, C. J. The action is upon defendant's written guaranty of payment of any indebtedness arising from samples sent one J. L. Barry by plaintiff for the purpose of taking orders for plaintiff by Barry, the condition of the guaranty, as expressed in the writing, being "that said Barry is to account, as per invoice, for all samples received from said Becker." The complaint alleges the delivery by plaintiff to Barry, on the faith of the guaranty, of samples to the value of $450.62, and the failure of Barry to account for them, and asks judgment for such value. The defendant answered, setting up as a first defence that, on a date specified, Barry executed to plaintiff his promissory note for $650, and a mortgage on real estate to secure it, and delivered them to plaintiff, under an agreement by which plaintiff was to negotiate and sell the same at their face value, and pay the proceeds to Barry, but, instead of doing so, he foreclosed the mortgage, bid in the property at the sale,—it then being worth

at least $1,000 ; and, for a second defence, it alleges that Barry, being in the employment of plaintiff as a salesman during a period being part of that during which the samples were delivered, earned, at the commissions agreed on between them, in taking orders and selling goods for plaintiff, $335.03, of which but $253.95 has been paid, leaving $81.08 unpaid.   The answer also alleges that Barry is insolvent, and plaintiff a non-resident;   and it also alleges the fact that Barry has intervened in the action, and sets forth the complaint in intervention to show the grounds thereof.   It asks that the amounts found due Barry be applied in liquidation of the claim alleged in the complaint.   Barry intervened in the action, and in his complaint sets forth the claims that are set forth in the defendant's answer, and asks judgment for the amounts of the claims, less the amount claimed in the complaint.   Plaintiff demurred both to the answer and the complaint in intervention, and his demurrers were overruled.

As between plaintiff and defendant, the claims set forth in the answer were not legal counterclaims, because they were not causes of action in favor of defendant.   The commissions earned by Barry would be a defence *pro tanto* to the cause of action alleged in the complaint, just as partial payment by Barry would be; for, those commissions being earned, manifestly, in the use of the samples and the business and purpose for which they were furnished, they were proper items to be allowed in accounting for the samples.   The matter of the note and mortgage, conceding that Barry might elect to treat it as a claim founded on contract, would not be a legal defence, but, if sustained at all, must be sustained as an equity in favor of defendant, within the meaning of Gen. St. 1878, *c.* 66, § 96, subd. 3.   The test of such equity was stated by this court as early as *Gates* v. *Smith*, 2 Minn. 21, (30.)   "The test of the sufficiency of any particular defence, equitable in its nature, must be whether, had the same facts been presented by a bill in chancery, would that court have entertained the case, and granted the relief sought here?"   This was approved and applied in *Barker* v. *Walbridge*, 14 Minn. 351, (469;) *Birdsall* v. *Fischer*, 17 Minn. 76, (100;) *Williams* v. *Murphy*, 21 Minn. 534.   Could the defendant have maintained an equitable action to enforce, for his protection, the set-off of the claims in favor

of his principal, assuming that on the matter of the note and mortgage to be founded on contract, to the entire or partial extinguishment of this plaintiff's claim against him? In the absence of special circumstances, courts of equity followed the rule of law in the matter of set-off. But the rule was subject to exceptions. As said by the court in *Lindsay* v. *Jackson*, 2 Paige, 581: "In a case not within the statute of set-off, a court of equity will permit an equitable set-off, if, from the nature of the claim, or from the situation of the parties, it is impossible to obtain justice by a cross-action." Or, as it is stated by Story, (2 Eq. Jur. § 1437*a*,) "courts of equity will extend the doctrine of set-off beyond the law in all cases where peculiar equities intervene between the parties." Where such equities exist, a court of equity will set off a separate debt against a joint debt, or, conversely, a joint debt against a separate debt—in other words, accruing in different rights. And the author last quoted says, (section 1437:) "So, if one of the joint debtors is only a surety for the other, he may, in equity, set off the separate debt due to his principal from the creditor; for in such a case the joint debt is nothing more than a security for the separate debt of the principal." The author may here state the rule more broadly than the decided cases will justify; for the interposition of a court of equity to enforce set-offs that would not be allowed at law was based on the condition that otherwise the surety would be without adequate remedy. Bankruptcy or insolvency of the principal debtor presents such a case; for if the surety be, in such case, compelled to pay, and resort to an action against the bankrupt or insolvent principal debtor, he is practically without remedy. So, where a remedy may be afforded him without prejudice to the creditor suing him, —and ordinarily he cannot be prejudiced by setting off a debt he owes the principal against the principal's debt to him, for which he is suing the surety,—equity will furnish that remedy. *Ex parte Hanson*, 18 Ves. 232; *Cheetham* v. *Crook*, McClel. & Y. 307; *Wathen* v. *Chamberlin*, 8 Dana, 164; *Gillespie* v. *Torrance*, 25 N. Y. 306; *Hiner* v. *Newton*, 30 Wis. 640.

We do not mean to intimate that the surety, when sued alone, may in that action have the set-off; for a court will, if possible, avoid the

litigation of a debt when only one of the parties to the debt.is before it. The surety might have to bring a separate action against the creditor and principal debtor to enforce the set-off, and pending that action enjoin the action against him.

The objection that the proper parties are not before the court does not exist in this case if Barry, the principal debtor, had a right to intervene in the action. That he might intervene for the purpose of defeating a recovery by plaintiff, we cannot see there is any doubt. The statute (Gen. St. 1878, c. 66, § 131) allows "any person who has an interest in the matter in litigation, in the success of either of the parties to the action, or against either or both," to intervene, and either prosecute or defend. Taking the construction put upon this in *Bennett* v. *Whitcomb*, 25 Minn. 148, and *Lewis* v. *Harwood*, 28 Minn. 428, (10 N. W. Rep. 586,) that the interest must be of such a direct and immediate character that the intervenor will either gain or lose by the direct legal operation and effect of the judgment, this case comes directly within it. If, in the action as originally brought, judgment had gone against the defendant, and had been enforced against him, the intervenor might have to reimburse him; but, had it discharged the defendant of liability to the creditor, it would have terminated the intervenor's obligation as indemnitor. Indeed, we can hardly conceive a case more within the spirit and intent of the statute than one in which the intervenor stands in the relation of indemnitor to one of the parties.

As to the first matter of defence in the answer, and set-off in the intervenor's complaint, to wit, in relation to the note and mortgage, it is, so far as any question is presented by the demurrers, (the question of the rule of damages not being involved,) very clear. A contract and a breach of the contract are alleged. If there is also a tort alleged, that does not prevent a recovery for the breach of contract. It may make a case where there must be an election between proceeding for the breach of contract and for the tort. If so, the election is made by using it as a cause of action arising on contract may be, and one arising upon tort may not be, used, to wit, as a set-off.

Orders affirmed.