JAMES C. CLARK, Plaintiff and Respondent, *v.* C. F. KING and JAMES O. SULLIVAN, Defendants; JAMES O. SULLIVAN, Defendant and Appellant.

### Principal and Surety—Offset by Surety.

> A surety jointly bound with his principal may, independently of statute, offset against such joint indebtedness his individual claim against the creditor in such joint indebtedness, where both the creditor and the principal are insolvent.

(Opinion Filed July 16, 1891.)

*A*PPEAL from district court, Morton county; Hon. W. H. WINCHESTER, Judge.

*Louis Hanitch* and *B. W. Shaw*, for appellant. *H. G. Voss*, for respondent.

Action by the plaintiff against the defendants upon an undertaking wherein the defendants herein were sureties upon an appeal bond. Defendant Sullivan interposed an equitable set-off. A demurrer to the answer containing the same was sustained by the district court. Defendant appeals. Reversed.

Louis Hanitch and B. W. Shaw for appellant:

The facts alleged in the answer are sufficient to justify the allowance of the set-off upon equitable grounds. Howard v. Shores, 20 Cal. 282; Pomeroy's Rem. § 761; Lindsay v. Jackson, 2 Paige 581; Simpson v. Hart, 14 John. 63; Gillespie v. Torrence, 25 N. Y. 306; Smith v. Felton, 43 N. Y. 419; Seligmann v. Heller Co., 34 N. W. Rep. 232; Becker v. Northway, 46 N. W. Rep. 210.

H. G. Voss for respondent:

The general doctrine in equity as to set-off is the same as at law, and separate debts cannot be set off in equity any more

than at law against joint debts. Jackson v. Robinson, 3 Mason 138; Murray v. Toland, 3 John. C. R. 569; Dale v. Cooke, 4 John. C. R. 11; Elde v. Losswell, 2 Bladf. 349; Howe v. Shepard, 2 Sumn. 409; Robins v. Holley, 1 Monr. 191; Robbins v. McKnight, 5 N. J. Eq. 648; Davis v. Insurance Co., 4 Edw. 307; Birdsell v. Fisher, 17 Minn. 103, 76; Story, Eq. Jur., § 1436.

The opinion of the court was delivered by

Corliss, C. J.   The demurrer of plaintiff to counter-claim of defendant Sullivan having been sustained, he challenges by this appeal the ruling of the trial court in this respect.   It is not pretended that the answer does not state a good cause of action in favor of defendant Sullivan and against the plaintiff; but it is insisted by plaintiff that, as the plaintiff's cause of action is a joint debt of defendant Sullivan with his co-defendant King, and as the claim sought to be offset against it is the debt of the plaintiff to the defendant Sullivan alone, it is not the proper subject of counter-claim; that Sullivan must sue upon it in an independent action.   The complaint states a cause of action arising out of the execution of an undertaking on appeal by Mead as principal and the two defendants herein, King and Sullivan, as sureties, followed by the affirmance of the judgment appealed from.   The claim set forth in the answer is a judgment recovered against the plaintiff, Clark, by Fairbanks, Morse & Co., which was assigned to defendant Sullivan before the commencement of this action.   The liability of the two sureties on the undertaking is joint.   No words expressing a several liability appearing on the face of the instrument, it was the joint, and not the joint and several, obligation of the parties executing it.   Wood v. Fisk, 63 N. Y. 245; 1 Pars. Cont. 11; 1 Story, Cont. § 53; 1 Pom. Eq. Jur. § 409; Pickersgill v. Lahens, 15 Wall. 140.   Statutory enactment in this state has left this rule unaltered, where at least one of the parties liable upon the obligation is a mere surety.   Comp. Laws, §§ 3425, 3574.   The counter-claim, therefore, cannot be sustained under the statute. The statutory counter-claim "must be one existing in favor of a defendant and against a plaintiff between whom a several

judgment might be had in the action." Comp. Laws, § 4915. See Roberts v. Donovan, 70 Cal. 108, 9 Pac. Rep. 180; Wood v. Brush, 72 Cal. 224, 13 Pac. Rep. 627. No several judgment against the defendant Sullivan could be rendered. Had plaintiff failed to make his co-defendant, King, a party, this defect of parties would have abated the action as thus commenced, the defect being legally brought to the attention of the court by demurrer or by answer, according as the defect might or might not appear upon the face of the complaint. Although only one of two joint debtors is served, the judgment must be against both jointly, to be enforced against their joint property and the separate property of the defendant served. Comp. Laws, § 4901, subd. 1. The plaintiff having no right to a several judgment against defendant Sullivan, the latter could not, therefore, under the statute offset his separate claim against the plaintiff. But we may look elsewhere for the proper rule to govern this question. The right to offset a claim is recognized by equity independent of any statute. We are very clear that the facts alleged in the answer bring this case within this principle of equity jurisprudence. The defendant avers the insolvency of the plaintiff. This creates an equity, for it is unconscionable that the plaintiff should insist that the defendant pay him, and then leave the defendant powerless because of plaintiff's insolvency to enforce his (defendant's) claim against the plaintiff. But a further equity appears. Defendant alleges the insolvency of his principal in the undertaking. Therefore not only will he be without the ability to collect his judgment from the plaintiff, but he will be without ability to reimburse himself out of his principal, who should save him from all loss. It would not be creditable to an enlightened administration of justice to deny the operation of this equitable rule under these facts, which appeal so strongly to the conscience. It is well established that the surety, when sued upon the joint obligation of himself and his principal, may offset the separate claim of the latter against the plaintiff in case of insolvency. Coffin v. McLean, 80 N. Y. 560; Becker v. Northway, 44 Minn. 61, 46 N. W. Rep. 210. Certainly this court would be open to the criticism of sacrificing substance to form if it refused to allow the

surety to set off his own separate demand against the plaintiff when the latter is insolvent. May he reach out, and, seizing without assignment, interpose his principal's claim as an offset, and yet is he powerless, under the same circumstances, to plead his own demand as a counter claim? Had defendant Sullivan been principal, his claim, upon the favorable consideration of a court of equity, would have been trifling when compared with that high claim to the favor of equity which all the adjudications agree is the peculiar property of a surety. One of the very elements of the law is that he is a favorite of a court of equity; and yet, as a principal debtor, Sullivan could have offset this separate claim against the plaintiff under the statute without showing any equity, because he would have been severally as well as jointly liable to plaintiff on the undertaking under our statute, and therefore a several judgment between him and plaintiff could have been rendered. But as surety, the favorite of the court, with strong equities pleading in his behalf, he may not, it has been decided, in this case, even under an equitable rule, have the same measure of relief and justice. The doctrine on which that decision must rest can have no place in the more advanced system of jurisprudence, which, unlike the old system—before equity achieved its memorable triumph, ere reform in procedure had supplanted technical rules—subordinates in large measure every other consideration to the accomplishment of justice. It is true that it sometimes has been thought that insolvency was not sufficient to create such an equity as would warrant a departure from the statutory rule. See 2 Smith, Lead. Cas. pt. 1, p. 355 and cases. But the doctrine of Lindsay v. Jackson, 2 Paige 581, commends itself with greater force to the reason and conscience of man. Said Chancellor WALWORTH in this leading case: "There is a natural equity that cross demands should be offset against each other, and that the balance only should be recovered. This was the rule of the civil law, and it is now adopted and preserved as the law of those countries where the principles of the civil law prevail. * * * By the common law of England, however, this natural equity was not allowed or enforced in the courts of law, but each party was left to recover his demand in a separate action. As a gen-

eral rule, the court of chancery followed the rule of law; and, after the statute had permitted set-offs to a certain extent in suits at law, this court also adopted and acted on that principle. But the courts of chancery, even before the statute, recognized the principle of natural equity, and acted upon it, in cases where the law could not give a remedy in a separate suit in consequence of the insolvency of one of the parties." To same effect are Smith v. Felton, 43 N. Y. 419; Seligmann v. Clothing Co., 69 Wis. 410, 34 N. W. Rep. 232; Becker v. Northway, 44 Minn. 61, 46 N. W. Rep. 210; Coffin v. McLean, 80 N. Y. 560; Davidson v. Alfaro, Id 660; Hiner v. Newton, 30 Wis. 640-644; Hobbs v. Duff, 23 Cal. 597-629.

We are not called upon to decide on this appeal whether it was proper for the defendant to urge his equity by answer, or whether he should not have filed his complaint in equity to enforce his equitable set-off. Nor are we asked to determine whether he should have waited until the recovery of judgment against him in this action, and then by motion or by action had one judgment set off against the other. Only the question of right has been discussed on this appeal. What is the proper procedure has not been touched. It might be well in passing, however, to refer to the fact that in New York, where the provisions of the Code relating to this question are the same as in this state, the practice, as apparently sanctioned by the courts, has been to insist upon this equity by answer. Coffin v. McLean, 80 N. Y. 560; Smith v. Felton, 43 N. Y. 419. This is true of Minnesota also, but the statute there was somewhat different. Becker v. Northway, 44 Minn. 61, 46 N. W. Rep. 210. See, also, Dempsey v. Rhodes, 93 N. C. 120. But see Duff v. Hobbs, 19 Cal. 646.

It was contended on the oral argument that equity would not decree the offsetting of defendant's judgment against plaintiff's claim because the plaintiff's claim was exempt; that, in effect, this would be the seizure of his exempt property to pay a judgment against him. The point is not without force, but it is not involved on this appeal, as there is nothing to show that plaintiff has not a large amount of property in excess of his exemptions. An insolvent may own a large estate. No cases

were cited on this point.   An investigation of it has brought to light the following decisions, which we cite for the benefit of counsel without further comment.   Puett v. Beard, 86 Ind. 172; Temple v. Scott, 3 Minn. 419 (Gil. 306); Curlee v. Thomas, 74 N. C. 51; Duff v. Wells, 7 Heisk. 17; Wilson v. McElroy, 32 Pa. St. 82.

It was also said that no equity could arise in favor of defendant, because he purchased the judgment he now seeks to offset with knowledge of plaintiff's insolvency, and for the express purpose of using the judgment as an offset, and that plaintiff paid practically nothing for it.   These facts do not appear on the face of the answer to which plaintiff has demurred.   A reply embracing them would, if sustained by proof, or demurred to, raise this question.   We do not decide it now.   The order appealed from is reversed, plaintiff to have 10 days after the *remittitur* is filed in which to reply to defendant's offset.   All concur.