MATTHEW GALLAGHER *vs.* GERMANIA BREWING CO.

Argued April 28, 1893. Decided May 9, 1893.

**Set-Off in Actions against Corporations.**

The demands of stockholders individually cannot be interposed as equitable set-offs to a demand against the corporation, even though the plaintiff is insolvent.

Appeal by plaintiff, Matthew Gallagher, from an order of the District Court of Hennepin County, *Charles M. Pond,* J., made April 6, 1892, overruling his demurrer to the complaint of the interveners.

Herman A. Westphal in February, 1890, filled the ice house of defendant, Germania Brewing Company, at Keegan's Lake, with ice for which it agreed to pay him $965. He also sold and delivered

to it in July, 1890, 37,000 pounds of ice for $37. The corporation paid Westphal thereon $163.74. Westphal afterwards, and before March 1, 1892, made a general assignment of all his nonexempt property to the plaintiff, in trust to pay his creditors. On the last-mentioned day the assignee commenced this action against the defendant, Germania Brewing Company, to recover the balance of $838.26. The defendant answered that it had paid the claim in full, and also that it held demands against Westphal which it would set off on the trial.

On March 21, 1892, Jacob Barge and John Vander Horck intervened in the action and filed their complaint in intervention, stating that the Germania Brewing Company was organized as a corporation in 1887, and acquired real and personal property. That on July 21, 1890, it sold and conveyed all its property, business and good-will to the Minneapolis Brewing & Malting Company, another corporation, and ceased to carry on business, and has since existed only to wind up its affairs. That Barge owns one-half and Vander Horck the other half of the stock of the Germania Brewing Company. That Vander Horck recovered judgment September 19, 1891, against Westphal for $1,178.94, and that Barge recovered judgment March 10, 1892, against Westphal for $2,267.73. That both judgments remain wholly unpaid and in force, but unsecured by lien or levy or otherwise. That Westphal has been insolvent since January 27, 1890, and wholly without property or means, and that the estate assigned to the plaintiff will not pay a dividend of one per cent. upon Westphal's debts. The interveners prayed that one-half of the Westphal claim against the Germania Brewing Company be applied upon each of their judgments, and for such other relief as should seem equitable.

The plaintiff demurred to this complaint in intervention, on the ground that it stated no facts entitling the interveners to the relief demanded, or to any relief in the action. The trial court overruled the demurrer, and allowed plaintiff ten days to answer. He appeals from the order.

*Freeman P. Lane* and *Wm. H. Briggs*, for appellant.

The interest which entitles a person to intervene in a suit between other parties must be in the matter in litigation, and of

such a direct and immediate character that the intervener will either gain or lose by the direct legal operation and effect of the judgment. *Lewis* v. *Harwood*, 28 Minn. 428; *Horn* v. *Volcano Water Co.*, 13 Cal. 62; *Kansas & C. P. R. Co.* v. *Fitzgerald*, 33 Neb. 137; *Smith* v. *Gale*, 144 U. S. 509; *Bennett* v. *Whitcomb*, 25 Minn. 148.

The interveners must, by averment, show that their rights are involved in the cause which is being litigated, and that they are entitled to the relief which they ask, and the facts authorizing intervention, and the grounds thereof, should be fully stated in the complaint or petition. *Smith* v. *Allen*, 28 Texas, 501; *Nenney* v. *Schluter*, 62 Texas, 327; *Harlan* v. *Eureka Mining Co.*, 10 Nev. 92.

At the time of the commencement of this action the interveners owned the entire stock of the defendant corporation, and did, at the time their respective judgments were obtained, and when the assignment was made. It is claimed that the interveners are the actual and real parties in interest in this suit, because they are stockholders in the defendant company, and that whatever plaintiff recovers they will personally be obligated to pay. The mere fact that the interveners each owned an undivided one-half of the stock in the defendant corporation did not make them parties in interest within the meaning of the statute.

*Gretchen & McHugh*, for respondents.

Barge and Vander Horck are the real parties defendant; they will necessarily be called upon, to pay each one-half of any amount recovered by plaintiff. This presents a remarkably strong case for the intervention of a court of equity. It would be manifestly unjust to compel Barge and Vander Horck to pay this claim of plaintiff, and then attempt the impossibility of collecting their judgments against Westphal. There is a natural equity that cross demands should be set off against each other and the balance only recovered. As to the objection that Barge and Vander Horck are not defendants, we urge that equity will always regard the real parties in interest independent of the record. The general rule in equity as well as in law is, that joint, and several debts can not be set off against each other. But while at law, the rule admits of

no exception, and only the parties to the record will be regarded, a court of equity will, in case of insolvency, regard the real parties, those ultimately to be affected by the decree, and allow a set-off of demands in reality mutual, although prosecuted in the name of others nominally interested. 2 Story, Eq. J. § 1437a; *Birdsall* v. *Fischer*, 17 Minn. 100, (Gil. 76;) *Blake* v. *Langdon*, 19 Vt. 485; *Hamilton* v. *Van Hook*, 26 Texas, 302; *Hobbs* v. *Duff*, 23 Cal. 629; *Brewer* v. *Norcross*, 17 N. J. Eq. 225; *Pond* v. *Smith*, 4 Conn. 297; *Simson* v. *Hart*, 14 John. 62; *Becker* v. *Northway*, 44 Minn. 61; *Seligmann* v. *Heller Bros. Clothing Co.*, 69 Wis. 410.

The right to have these judgments set off against plaintiff's claim being sustained, the right to intervene in this action follows almost as a matter of course. *Becker* v. *Northway*, 44 Minn. 61; *Lewis* v. *Harwood*, 28 Minn. 428; *Bennett* v. *Whitcomb*, 25 Minn. 148.

MITCHELL, J. The plaintiff, as assignee of one Westphal under a general assignment for the benefit of creditors, brought this action to recover for goods sold and delivered by his assignor to the defendant corporation. Jacob Barge and John Vander Horck intervened, and set up in their complaint that they owned, and for nearly two years had owned, (each one-half,) all the capital stock of the defendant, no other person but themselves having any interest in the stock or property of the corporation; that each of them had a valid and unsatisfied judgment against Westphal upon a cause of action which accrued before the assignment to plaintiff; that Westphal was, and for over two years had been, utterly insolvent; and that his estate, of which plaintiff is the assignee, was so hopelessly insolvent that it was insufficient to pay even the expenses of administering the assignment. The relief sought was that their claims against Westphal might be allowed, in equal amounts, as equitable set-offs to the claim of the plaintiff against the defendant corporation. From an order overruling a demurrer to the complaint, the plaintiff appeals, his contention being—First, that Barge and Vander Horck had no such interest in the litigation as to entitle them to intervene; second, that their claims cannot be set off against a claim against the corporation, because a corporation is a legal entity, entirely distinct from its stockholders. These two propositions amount really to the same thing, for, if Barge and Vander Horck cannot

set off their claims against that of plaintiff against the corporation, they have no such interest in the subject of litigation as would entitle them to intervene; on the other hand, if their claims are proper equitable set-offs, their right to intervene for the purpose of setting them up is very clear. The case is certainly a novel one, for we doubt whether an instance can be found in the books where stockholders ever attempted to set up their several equities by way of set-off to claims against the corporation. Of course, the want of a precedent is by no means controlling with courts, especially in administering equitable relief; but it would seem that, if the relief here asked was consistent with legal or equitable principles, some case would be found where it had been granted.

The facts of the present case appeal to a natural sense of justice, for while, by fiction of law, a corporation is a distinct entity, yet in reality it is an association of persons who are in fact the beneficial owners of all the corporate property. Hence, if interveners cannot set off their claims, the practical result is that Westphal's estate will collect its entire claim out of what is really their property, while the estate is at the same time indebted to them on claims of greater amount, which they will wholly lose because of Westphal's insolvency; but, as has been often said, hard cases are liable to make bad law.

The right of equitable set-off is, of course, not derived from, or dependent upon, statute, but rests upon a distinctly equitable doctrine, which courts of equity have applied on certain well-recognized equitable grounds, the object being to effect a clear equity and prevent irremediable injustice; and it may be stated as a general rule that, whenever necessary to accomplish that end, the courts will permit an equitable set-off, although the debts accrued in different rights; as, for example, by allowing a separate debt to be set off against a joint debt, or, conversely, a joint debt against a separate debt. They will also disregard the nominal parties to the record, and consider the real parties in interest; as, for example, when the assignor of a chose in action sues for the benefit of the assignee, or a trustee for the benefit of the *cestui que trust.* Hence, had the plaintiff's claim been a joint one against the interveners, there would have been no doubt of their right to set off their separate claims against it, for insolvency is well recognized as a distinct equitable

ground for allowing such a set-off. But such a case is not analogous to the present. To allow the set-off here, it is necessary to wholly ignore the legal doctrine, or fiction, whichever you may call it, that a corporation is an entity separate and distinct from the body of its stockholders, and to treat it as a mere association of individuals who are the real parties in interest. In dealing with the rights of creditors, and the obligations existing between a corporation and its shareholders by reason of their contract of membership, undoubtedly the courts often find it necessary to consider the real parties in interest as the individual shareholders; but it may be laid down as a rule that, except in such cases, it has been found absolutely essential, for the administration of justice, to treat a corporation as a collective entity, without regard to its individual shareholders. In no other way can the title to corporate property be kept free from complication and uncertainty. The transferable nature of stock in a corporation is also a good reason why the theory of a corporate entity should be preserved, and why it is necessary to discriminate sharply between corporate rights and obligations and those of shareholders personally. If the rights or liabilities of a corporation could be affected by the acts of the stockholders, except when acting in the corporate name, or if shareholders could set up their several equities against persons having claims against the corporation, or, conversely, if claims in favor of the corporation could be set off against claims against individual stockholders, it can easily be seen into what confusion and chaos corporate affairs would inevitably fall.

Inasmuch as the two interveners own all the stock of this corporation, the facts of this case seem comparatively free from embarrassments, and the contention of respondent quite plausible. But, suppose there were fifty other stockholders, (which would not alter the principle,) what would be the result? Could interveners then interpose their claims as set-offs, and, if so, could they do so to the full amount of their claims, or only in the proportion which their shares bore to the whole capital stock? And, if the former, would they have a claim for the excess against the corporation, or a right to call on the other stockholders for contribution?

Again, the right of set-off, if any exists, must be mutual. Hence, if stockholders can interpose their individual demands as set-offs to a demand against the corporation, it follows that a defendant can

set up demands against the individual stockholders as set-offs to demands in favor of the corporation.

Illustrations might be multiplied indefinitely to show that to recognize any such right would result in the worst sort of complications, and that the only safe or sound rule is to adhere strictly, in such cases, to the doctrine of a corporate entity distinct from the individual stockholders.

What means, if any, the interveners might have had, or may hereafter have, of protecting themselves, it is not now our business to inquire, but we are clear that their claims against plaintiff's assignor are not the subjects of equitable set-off to a claim against the defendant corporation.

Order reversed.

VANDERBURGH, J., absent, took no part.

(Opinion published 54 N. W. Rep. 1115.)

