# HALGRIM ERICKSON v. REVERE ELEVATOR COMPANY.[1]

### April 22, 1910.

### Nos. 16,392—(63).[2]

**Sale of Capital Stock — Effect on Prior Debts.**

The sale of its entire capital stock does not affect the antecedent debts of a corporation, and in an action by a former stockholder the corporation cannot claim an estoppel against him upon the ground that he procured the sale of his stock by representing the corporation to be free from indebtedness.

**Same — Intervention by Purchaser.**

Whether the purchasing stockholder might, by intervening, maintain such defense for the protection of his interest in the corporation, quære.

Action in the district court for Redwood county to recover $3,161.45, which plaintiff had been compelled to pay upon a promissory note which he had signed as surety for defendant. The substance of the complaint and of the defense is given in the opinion. From an order, Olsen, J., sustaining plaintiff's demurrer to the defense set up in the answer on the ground it did not state facts sufficient to constitute a defense, and sustaining plaintiff's demurrer to the counterclaim on the ground it did not state facts sufficient to constitute a counterclaim, defendant appealed. Affirmed.

*A. Frederickson* and *Frank Clague,* for appellant.

*D. A. Stuart,* for respondent.

O'BRIEN, J.

According to the complaint, on September 14, 1903, defendant de-

---

[1] Reported in 126 N. W. 130.          [2] April, 1909, term calendar.

livered to Minnesota Grain Company its promissory note for $6,000,
payable on or before one year from date. Plaintiff signed the note
as a surety, and on March 11, 1909, was compelled to pay a balance
of $3,161.45, remaining unpaid, and brought this action to recover
that amount. Defendant served an answer containing general and
special denials, and alleging as a separate defense that on May 21,
1907, N. H. Dahl, H. H. Dahl, A. O. Anderson, C. O. Nichols,
E. L. Nelson, and the plaintiff were owners of the entire capital
stock of defendant, and on said date, through N. H. Dahl, their
duly constituted agent, sold their entire holdings to Charles Gamble,
Martha Anderson, A. G. Anderson, F. J. Sheffield, and K. E. Mo-
for $7,500, upon a statement representing and warranting "that
the said corporation was free from debts and every and all obliga-
tions," and "that there were no liens, incumbrances, or indebtedness
of any kind against said corporation or any of its said property."
In reliance upon the representations those named purchased and
still own all the stock. Therefore it is claimed the plaintiff is es-
topped. The same allegations are reasserted for damages as a
counterclaim or set-off. Plaintiff demurred to the allegations of
affirmative defense. This appeal is from an order sustaining the
demurrer.

There can be no doubt that, if the allegations of the answer are
true, there must be some procedure by which the stockholders, who
are the beneficial owners of the defendant corporation and its prop-
erty, can be protected. But we do not think this demurrer can be
overruled without violating the fundamental principles underlying
the creation and legal status of corporations. It is true that where
the corporate form is used by individuals for the purpose of evading
the law, or for the perpetration of fraud, the court will not permit
the legal entity to be interposed so as to defeat justice. The ne-
cessity for this rule is becoming more apparent each day, not only
in the maintenance of private rights, but for the preservation of
public rights in the regulation and necessary control of large corpo-
rations. State v. Creamery Package Mnfg. Co., supra, page 415,
126 N. W. 126, and cases cited. But in ordinary business trans-
actions, and for the purpose of determining the respective rights,

responsibilities, and powers of corporations, its officers, stockholders, and those dealing with them, it is necessary that the distinction between the corporation, as a legal entity, and its members, be strictly maintained.

The note sued upon was not a debt of the original stockholders, but of the corporation. The sale of the stock was not a corporate act, but that of the individual stockholders. A stockholder in his individual capacity, or any number of stockholders, cannot bind the corporation in its corporate capacity, except under the extraordinary circumstances already referred to. The sale of the stock, therefore, in no manner affected the liability of the corporation upon the note, and the corporation itself, considered as a distinct entity, cannot avail itself of the rights of its present stockholders possessed by them as individuals. Gallagher v. Germania Brewing Co., 53 Minn. 214, 54 N. W. 1115. Notwithstanding this, a stockholder has a direct and real interest in the property of the corporation, and may, when the corporation will not or cannot fully protect its property, be recognized as a proper party to prosecute or defend an action involving primarily the corporation's rights. Baldwin v. Canfield, 26 Minn. 43, 1 N. W. 261, 276.

The difficulty here is that the corporation is attempting to assert a defense which is personal to the individual stockholders, who are not parties to the action, and who are at liberty at any time to dispose of their stock holdings, a transaction which would not transfer to the purchaser the rights relied upon in the answer. If we had before us a demand upon the part of the individual stockholders to be allowed to intervene and protect their interests in this action, it would be a different question, and one upon which we express no opinion. Becker v. Northway, 44 Minn. 61, 46 N. W. 210, 20 Am. St. 543.

Order affirmed.