F. A. RUMERY Co.

*vs.*

MERRILL TRUST Co. ET AL.

Cumberland.     Opinion September 6, 1928.

*Clifford E. McGlauflin,* for plaintiff.
*James W. Gillin,* for defendants.

SITTING: WILSON, C. J., PHILBROOK, DUNN, DEASY, BARNES, JJ.

WILSON, C. J.   The plaintiff entered into a contract with one H. A. Saddlemire to construct a Club House at what is known as Lucerne-in-Maine.   Upon its completion in the summer or early fall of 1926 there was claimed by the plaintiff to be a balance due on the contract and for certain extras the sum of $11,440.08 and for which the plaintiff also claimed a lien on the building, and notified Saddlemire that it would enforce its lien unless the sum due was paid.

To avoid proceedings to enforce the lien claim, the defendant bank on September 10, 1926, and one J. N. Towle, guaranteed the payment of the above amount, and so far as the pleadings show, unconditionally.

Full payment was not made as agreed on the guaranty, and in March, 1927, this action was brought for the balance due under the guaranty of $1,783.59.   Saddlemire was not joined.

Prior to the guaranty, on September 10th, 1926, the architect in charge of the construction had issued a certificate that there was due under the contract the sum of $9,383.61, an additional sum for extras, of $2,056.47, being admitted by the parties to be also due at that time.

In March, according to the pleadings, just prior to the bringing of this action and after $9,656.50 had been paid by Saddlemire on account of the amount due under the guaranty, the architect reported to Saddlemire that certain defects had appeared in the construction and advised holding back the balance due until remedied. Saddlemire notified the plaintiff of the reported defects, and requested that they be remedied before action was brought for the balance due. The plaintiff refused or ignored the request and brought this action. After this action was brought, the architect attempted to cancel his certificate issued on September 10, 1926.

The case was entered in court at the April Term, 1927, and the defendants at the October Term, 1927, filed a plea of the general issue and in a brief statement set up the above facts as an equitable ground of defence under Sec. 18 of Chap. 87, R. S., and asked that the plaintiff be enjoined from prosecuting his action until the defects were remedied.

The plaintiff demurred to the brief statement. The demurrer was sustained, and the defendants excepted. The case is here on the defendants' exceptions to this ruling. The exceptions must be overruled.

The guaranty was not conditioned on the amount of the guaranty being found to be due, but was absolute to pay a stipulated sum at stated intervals in consideration of the waiver by the plaintiff of its lien claim.

It does not appear that the defendants do not have an adequate remedy at law, no allegation of the insolvency of the principal being contained in the brief statement. No assignment of the principal's claim being alleged, the guarantors can not avail themselves in defense of a claim for damages for breach of contract in favor of their principal. *Newton* v. *Lee et al*, 139 N. Y., 332. *Davis* v. *Toulmin*, 77 N. Y., 280. Again, without such assignment the claim of Saddlemire against the plaintiff can not be adjudicated without Saddlemire being a party to the action. *Becker* v. *Northway*, 44 Minn., 61, 63, 64. *Gillespie* v. *Torrance*, 25 N. Y., 306, 311. According to the above decisions, if the principal was insolvent and a party to the proceedings, relief might be had in equity.

It requires no citations to support the rule that a guaranty is a separate undertaking from that of the principal or that in an action on a guaranty the principal need not be joined, or that a claim by the principal for damages for a breach of contract can not be set off by the guarantor or a recoupment be had in an action at law against the guarantor alone.

There are not sufficient grounds alleged in the brief statement to sustain an equitable defense to the action on this guaranty. The Court below may permit an amendment to the brief statement, if an equitable defense actually exists in behalf of the guarantors. *Winthrop Savings Bank* v. *Blake*, 66 Me., 285. *Corthell* v. *Holmes*, 87 Me., 25.

*Exceptions overruled.*