## DOLPH vs. RICE.

CONTRACT: *Consideration: Note by agent in his own name, for debt of principal.*

1. In an action upon the defendant's check, the answer alleges that the check was given to take up defendant's note at sixty days, running to the plaintiff; that the note was executed in *liquidation* of an account for a specified amount in favor of plaintiff against defendant's wife; and that defendant acted as agent for his wife at the time of the execution and acceptance of the note, as plaintiff well knew. *Held,*

(1.) That where an agent gives his individual note either in *satisfaction* of the debt of his principal or to obtain a *forbearance* of that debt, that is a sufficient *consideration* to support the contract.

(2.) That the answer, therefore, shows a consideration for the *check.*

2. An indebtedness of plaintiff to defendant's wife on account could not be set up as a counter-claim or set-off to this action.

3. Whether, if defendant had further alleged that plaintiff was *insolvent*, and could not respond in damages in an action by defendant's wife on said claim, this would have furnished ground for equitable relief, is not decided. But at least, in such a case, it would be necessary to make the wife a party to the action.

APPEAL from the Circuit Court for *Milwaukee* County.

Action on a bank check drawn by defendant in plaintiff's favor, September 17, 1863, and payment of which was refused by the bank at defendant's request. The answer alleges in substance, that in June, 1863, Dorcas S. Rice, the wife of defendant, and the plaintiff, who held certain farming lands as her tenant, entered into a written agreement, by which the latter was to cultivate and harvest the crop on said lands, cut the

hay &c. &c., and have one half of all crops raised, and deliver the other half to Mrs. Rice; and Mrs. Rice was to pay for all seed-corn, wheat and oats used on the farm; that immediately thereafter plaintiff rendered an amount against Mrs. Rice for the amount of seed furnished, amounting to $100; that "the same was then and there liquidated by the acceptance by plaintiff of the note of defendant for said sum of $100, payable sixty days after date, with interest; that at the time of the execution and acceptance of said note, defendant was acting as agent for his wife, which plaintiff then and there well knew;" that afterward, on the 17th of September, 1863, "plaintiff presented another account against said Dorcas S. Rice, but charged to *R. B. Rice*," the defendant, for working out highway taxes &c., amounting to $17.52; that defendant, for the purpose of liquidating the amount of said accounts, as the agent of Mrs. Rice, made and delivered the check in suit, and plaintiff well knew that he acted as such agent; that there was no other consideration for the check than as above stated, and the amount thereof was due from Mrs. Rice, subject to a counter-claim in her favor, which is there set up, for $345, for wheat, wood and straw belonging to her but converted by plaintiff to his own use, and also for moneys received by him for pasturing cattle of a third party on said farm.

The court ruled out all testimony offered under the answer, holding that it did not set up a valid defense. Verdict and judgment for plaintiff; and defendant appealed.

*Peter Yates*, for appellant:

The consideration of any negotiable paper is examinable as between the original parties thereto. *People v. Howell*, 4 Johns., 296; *Bank of Troy v. Topping*, 9 Wend., 273. If the note was void for want of consideration, so was the check. *Geiger v. Cook*, 3 W. & S., 266. 2. "Where it is not proven that *forbearance* was the consideration of the note, the court will not infer such consideration from the mere fact that the note is

payable at sixty days after date." 9 Wend., 273. 3. There is no pretense of proof that plaintiff accepted defendant's note expressly *in payment*, and relinquished his claim against Mrs. Rice.

*E. Fox Cook*, for respondent.

COLE, J. The counsel for the defendant assumes that the matters stated in the answer show that the check sued upon was without consideration. In view of the facts there set up, it can hardly be successfully maintained that no consideration in law was received for the check. The account against Mrs. Rice was liquidated by the acceptance of the defendant's note. It is so stated in the answer. Suppose the defendant was acting as the agent of his wife; yet if he saw fit to give his individual note for the satisfaction of a debt of his principal, or for a forbearance of that debt, a sufficient consideration is shown for his promise. After the plaintiff had accepted the defendant's note, payable in sixty days, in liquidation of an account, payable presently against Mrs. Rice, it is very clear that at least he could not bring suit upon the account until the credit had expired, even if he had not lost his action upon it altogether. But perhaps the better and more obvious meaning of the answer is, that the defendant's note was given and received in satisfaction and discharge of the account against Mrs. Rice. It is said that the word "liquidate," as here used, only implies that the amount of that account was ascertained and determined. But the amount of the account was definitely fixed at $100, before the note was given. And, moreover, under the circumstances detailed in the answer, the giving of the note in liquidation of the account was a perfectly meaningless and idle act, if it was only intended thereby to ascertain and reduce to precision the amount of that account. The note must have been given in consideration of the discharge of that account, or at all events in consideration of forbearance for a particular

Dolph vs. Rice.

time. In either aspect there was a sufficient consideration to support the promise. This proposition would doubtless be admitted as sound law by the counsel for the defendant. It is therefore unnecessary to particularly analyze the account of $17.52 rendered against the defendant himself, likewise set forth in the answer, to see whether it would constitute a sufficient consideration for the check or not. The check was given for this account as well as for the amount due upon the note.

Again, can the defendant avail himself, by way of counter-claim or set-off, of the other matters stated in his defense? It is alleged that before and at the time of the commencement of the action, the plaintiff was and still is indebted to Dorcas S. Rice in the sum of $345, for wheat, wood and straw belonging to her, which had been converted and disposed of by the plaintiff to his own use; and also for money received by him for pasturing cattle upon the farm leased of her. The account, it will be seen, is one in favor of Dorcas S. Rice, and not one in favor of the defendant. He is sued upon his own check, and he seeks to extinguish the debt by setting up a matter which should properly be the subject of an action between the plaintiff and Mrs. Rice. It is in no sense of the word a counter-claim or set-off; and to allow him to set it up in extinguishment of his individual obligation would be a violation of well established legal principles. Whether, if he had averred in the answer, in addition to the matters there stated, that the plaintiff was insolvent, unable to respond in damages in an action brought by his wife on her claim, it would have furnished any ground for equitable relief, is not a question raised by the pleadings, and need not be decided. Even in that case, it would seem that Mrs. Rice should be before the court in order to litigate her claim. As the answer now stands, we think it sets up no defense to the action.

*By the Court.*—The judgment of the circuit court is affirmed.