HINER and another vs. NEWTON.

PROMISSORY NOTE: *Counter-Claim.*

1. In an action by the payee against the accommodation indorser of a note, given for machinery to be manufactured for the maker, defendant cannot in law counter-claim for damages to the maker, arising out of the defective construction of such machinery.

2. If the answer should allege that the maker is insolvent, and that it is necessary for the protection of defendant to have the benefit of such counter-claim, *it seems* that the court might order the maker to be brought in for the purpose of adjudicating such counter-claim.

3. But an averment in the answer that the maker of the note is " of doubtful responsibility " for a demand of so large an amount as that for which defendant has become liable is not sufficient.

APPEAL from the Circuit Court for *Fond du Lac* County.

Action against the defendant, *Newton*, as the indorser of a promissory note. The opinion states the case. Plaintiffs demurred to the answer for insufficiency, and the demurrer being overruled, plaintiffs appealed.

*Knowles & Babcock*, for appellant, argued that the defendant being an indorser, could not counter-claim for damages accruing to the maker of the note, by reason of plaintiffs' breach of contract, citing *LaFarge v. Halsey*, 1 Bosw., 171; *Gillespie v. Torrance*, 4 Bosw., 36; Same Case, 25 N. Y., 306. Such damages constitute a counter-claim, and not a mere failure of consideration, and cannot be claimed by the indorser, since they are not due to him. 13 How. Pr., 148. The maker has the right to elect whether the damages shall be claimed by him by way of recoupment in an action on the note, or reserved for a cross action, and the indorser, when sued upon the note, cannot make this election for him. 16 How. Pr., 576, note. To entitle defendant to make an equitable defense in this action, he must allege absolute insolvency. *Lindsay v. Jackson*, 2 Paige Ch., 581 and cases cited; *Cumings v. Morris*, 3 Bosw., 575; 2 How., 383; Story's Eq., § 1434–1437; *Dolph v. Rice*, 21 Wis., 593.

*Edward S. Bragg*, for respondent.

COLE, J. This case comes up on a demurrer to the answer, which was overruled by the court below. The defendant is sued as endorser of a promissory note given by one Frederick Zollner to the plaintiffs. In his answer he states that he was an accommodation endorser, and that this note and others indorsed by him were given by the maker for the purchase and manufacture of certain machinery, which the plaintiffs agreed and undertook to furnish for the fitting up of a grist mill for Zollner. He alleges that the machinery furnished by the plaintiffs was defective, and not according to the contract; that it was improperly put up by them in the mill; that Zollner

incurred extra expense in furnishing fixtures and adjusting the machinery; that he lost the use and benefit of the mill in consequence of the failure of the plaintiffs to perform their contract, and sustained damages to a much larger amount than the note sued on; and that this claim still exists in favor of Zollner. It is averred in the answer, "that said Zollner was then, and still is, of doubtful responsibility for a demand of so large amount as that to which this defendant so became liable for him, but this defendant incurred such obligation fully believing that if said plaintiffs performed the contract on their part and behalf, said Zollner would be able to run and use his mill, and from the avails thereof be enabled to meet said notes, or a large part thereof, at maturity, and save this defendant harmless therefrom, and which this defendant avers, upon information and belief, the said Zollner could and would have done had said plaintiffs faithfully kept and performed their contract;" that, at the time of receiving this note, the plaintiffs had full notice of the consideration of the defendant's endorsement, and the purpose for which the same was made, and of Zollner's want of responsibility, and the dependence and reliance of the defendant upon the faithful performance of their contract to protect and save him harmless from the payment of the note. And the defendant seeks to be subrogated in equity to the counter-claim and defense of Zollner growing out of the contract. These are the material facts stated in the answer. And therefore the question is: Does the defendant present such a case as entitles him to the benefit of this equitable defense or counter-claim in favor of his principal? We think not.

We are not aware that this precise question has ever been decided by this court. But it has been so fully and satisfactorily examined and discussed by the courts of New York, where the question has arisen, that there is really nothing new to be said on the subject. See *Gillespie v. Torrance*, 4 Bosw., 36; Same Case, in the court of appeals, 25 N. Y., 306. The head note in the latter report is as follows:

"The accommodation indorser of a note given for chattels sold cannot, at law, avail himself of a breach of warranty as to the quality of such chattels, by way of defense, recoupment, or counter-claim."

"Such a defense does not rest upon a failure of the consideration of the contract on which the action is founded, but is the setting off of one distinct claim against another."

"In such a case it is the right of the principal to set up a counter-claim, if sued, or bring his separate action, and the surety cannot make the election for the principal, or do anything to impair his right of recovery in a separate action."

And these points were decided in the case by the unanimous opinion of the court. The opinion of Judge SELDEN is full and instructive, and he explains the question in its various aspects.

In the case at bar, had the answer stated that the maker of the note was *insolvent*, and that it was necessary for the protection of the defendant, as accommodation indorser, to have the benefit of the counter-claim growing out of the breach of warranty and failure of the plaintiffs to perform their contract, we then think it would be competent for the court to order Zollner to be brought in for the purpose of adjudicating the merits of the counter-claim. Such is the clear intention of Judge SELDEN in *Gillespie v. Torrance*, and he cites many authorities to sustain that view. See also *Dolph v. Rice*, 21 Wis., 590. But as the answer now stands, it presents no grounds for giving the defendant the benefit of such an equitable defense. True, it is stated that Zollner is of "*doubtful reponsibility*" for a demand of so large an amount as that for which the defendant became liable as surety. But this is far from showing that the principal debtor is *insolvent*, and that if the defendant is compelled to pay the note he will not be able to collect the amount out of the maker. This we deem indispensable in order to justify the court in interfering and giving him the benefit of this equitable defense. Says Mr. Justice STORY: "Courts of equity, fol-

lowing the law, will not allow a set-off of a joint debt against a separate debt, or conversely, of a separate debt against a joint debt; or, to state the proposition more generally, they will not allow a set-off of debts accruing in different rights. But special circumstances may occur, creating an equity which will justify even such an interposition." 2 Eq. Jur., § 1437. And had it been alleged in the answer that Zollner was *insolvent*, the case would then have presented an equitable ground for holding that the defendant was entitled to have the principal brought before the court, in order that any counter-claim growing out of the contract should be determined, and offset against the plaintiff's claim. But the fact of such insolvency is not averred, and therefore we think the answer fatally defective.

*By the Court.*— The order overruling the demurrer to the answer is reversed, and the cause is remanded for further proceedings.