THE McDONALD MANUFACTURING COMPANY VS. MORAN, imp.

*April 1 — April 19, 1881.*

*Subrogation of indorser to rights of maker.*

In an action against an *accommodation indorser* of promissory notes, the facts that the notes were given for a machine warranted to answer certain purposes, but which proved, on trial, to be absolutely worthless for such purposes; that plaintiff took with notice of the warranty and of the breach thereof, and after the maturity of the notes; and that the principal maker is utterly insolvent — entitle the indorser to be subrogated to the rights which the maker would have in such a suit against him. *Hiner v. Newton*, 30 Wis., 640.

APPEAL from the Circuit Court for *Fond du Lac* County.

Action against one Cain as maker, and *Moran* as indorser, of two promissory notes. Cain did not answer. The answer of *Moran* and the subsequent proceedings at the trial are stated in the opinion. *Moran* appealed from a judgment in plaintiff's favor.

For the appellant there was a brief by *D. Babcock*, and oral argument by *R. M. Bashford*.

The cause was submitted for the respondent on the brief of *Geo. P. Knowles*.

ORTON, J. The answer of *Moran* is that he was an accommodation indorser of the two notes in suit, and sets up, substantially, — *first*, that the notes were never delivered by him or the maker; and *secondly*, that the notes were given by the principal maker for a machine represented and warranted to answer

certain uses and purposes, and which proved on trial to be absolutely worthless for such uses and purposes, and which was delivered up and received back as being so worthless, and replaced by another like machine on the same representations and warranty, and which likewise on trial proved to be utterly worthless; that the notes were never delivered, but placed in *escrow* to await the trial of said machine, and not to be delivered unless said machine proved to be as represented and warranted; that the plaintiff took said notes with notice of such warranty and its breach, and after the maturity of said notes; that the principal maker had no resources or means with which to pay the notes except by the use of said machine, and is *utterly worthless* and *insolvent;* and that it is necessary for his protection as such accommodation indorser, to have the benefit of the counterclaim growing out of the breach of said warranty and failure to perform such contract, and he can in no wise reimburse himself out of any property of the principal maker, if compelled to pay said notes; and he prays that he be subrogated to the same rights, defenses and equities that might or could be set up by said principal maker. The evidence on the part of the plaintiff showed that the first note was taken by the plaintiff after its maturity. The principal maker of the notes was made a party, and suffered default. The circuit court sustained the objection of the plaintiff to the admission of any evidence under the answer, and directed a verdict for the plaintiff. Whether the facts stated showed a *non-delivery* of the note or not, we are quite clear that the second defense brought the case almost literally, and certainly in legal effect, within the case of *Hiner v. Newton*, 30 Wis., 640, which makes such a defense available to the indorser, and the evidence should have been received.

  *By the Court.*— The judgment of the circuit court is reversed, and the cause remanded for a new trial therein.