SMITH, Appellant, vs. DIAMOND, Respondent.

*October 21 — November 7, 1893.*

*Partnership: Action for dissolution: Counterclaim.*

In an action for the dissolution of a partnership, the defendant cannot plead as a counterclaim any claim against the plaintiff individually, no matter how it arose. So *held*, where the counterclaim alleged was for the amount of defendant's capital in the business, upon a stipulation in the partnership articles that plaintiff would, after a certain time, on notice, pay that amount to defendant for his interest in the business.

APPEAL from the Circuit Court for *Milwaukee* County.

The action is to dissolve a partnership between the parties. The complaint charges divers breaches of the partnership agreement by defendant, to the damage of the firm, and demands the appointment of a receiver of the partnership effects, an accounting, and the closing of the partnership business. Defendant, in his answer, denies the alleged breaches of the partnership contract on his part, and charges that plaintiff has been guilty of breaches thereof on his part, to the great damage of the firm.

The partnership articles set out in the complaint contain a stipulation that if, at the end of one year from March 13, 1891, defendant should notify plaintiff that he desired to withdraw from the business, plaintiff agreed to pay him a sum equal to the capital he had invested in the business and ten per cent. interest thereon, within ninety days after such notice, for the defendant's interest in the business, which the latter was thereupon to convey to plaintiff. The cause was pending and at issue when the stipulated year expired. At its expiration defendant duly notified plaintiff of his desire thus to withdraw from the business. More than ninety days after such notice was given, defendant, by leave of court, interposed an amended and sup-

plemental answer, containing a counterclaim against the plaintiff for the capital invested by him in the business, alleged to be $3,000, and the agreed interest thereon.

The plaintiff appeals from an order overruling a general demurrer to such counterclaim.

For the appellant there was a brief by *Markham & Kerwin*, and oral argument by *J. C. Kerwin*.

For the respondent the cause was submitted on the brief of *Somers & Dorr*. To the point that the counterclaim was properly pleaded, they cited sec. 2656, R. S.; *Heckman v. Swartz*, 55 Wis. 174; *Sprout v. Crowley*, 30 id. 187; *Orton v. Noonan*, 29 id. 547; *Hopkins v. Gilman*, 47 id. 581.

Lyon, C. J. The action involves only the transactions and dealings of the firm of Smith & Diamond, and of the partners with the firm, and the obligations and liabilities of each of such partners to the firm, and through it to each other. Neither partner can assert and enforce in this action any individual claim against his copartner, no matter how such claim arose or what the state of the accounts of each partner with the firm may be. The reason is plain. A partner has no claim against his copartner individually, on account of partnership transactions. If a partner is in arrears in his partnership accounts, he is the debtor of the firm, not of his copartner. *Sprout v. Crowley*, 30 Wis. 187. But if he owes an individual debt to his copartner (as in the case just cited) the firm has nothing to do with it, and a claim therefor by the creditor partner cannot have any place in an action to dissolve the partnership and settle its affairs.

It is of no significance that the counterclaim is based upon a stipulation in the copartnership agreement. It is only a personal contract between the parties, with which the firm has no concern, and it might as well have been made at another time, or in respect to property in which

the firm never had any interest. The counterclaim is not within the letter or spirit of the statute (R. S. sec. 2656),[1] is not the proper subject matter of equitable counterclaim in this action independently of the statute, and is not supported by any of the adjudications to which we have been referred. The demurrer should have been sustained.

*By the Court.*— The order appealed from is reversed, and the cause will be remanded with directions to the circuit court to sustain the demurrer to the counterclaim.

[1] Sec. 2656, R. S., provides that a counterclaim, to be pleadable, "must be one . . . arising out of one of the following causes of action: 1. A cause of action arising out of the contract or transaction set forth in the complaint as the foundation of the plaintiff's claim, or connected with the subject of the action. 2. In an action arising on contract, any other cause of action arising also on contract, express or implied, and existing at the commencement of the action."— REP.