Green vs. Stacy.

GREEN, Respondent, vs. STACY, Appellant.

*March 7 — April 3, 1895.*

PARTNERSHIP: ACCOUNTING: APPEAL. (1) *Premature personal judgment for share of profits.* (2) *Interest.* (3) *Work of partner's team.* (4) *Allowance of personal claim: Immaterial error.* (5) *Goods purchased in name of one partner.* (6) *Bill of exceptions: Review.*

1. In an action for an accounting and settlement of the affairs of a partnership, the property and assets of the firm must be reduced to money and its debts paid before one partner can have a personal judgment against the other for his supposed share of the profits.

2. In such an action, the defendant having denied the existence of the partnership and that profits had been realized, interest on any sum finally found due the plaintiff should be allowed only from the commencement of the action.

3. Although by the partnership agreement a partner was to furnish his time and labor in the business, an allowance was properly made to him in the accounting for the work of his team.

4. Although mere personal claims between the partners were not proper items in the partnership account, yet in this case, there being but two partners and such claims having been litigated on their merits and passed upon by the court, and no inconvenience or embarrassment having been occasioned thereby and no injustice done, the error is *held* not such as should work a reversal of the judgment.

5. In the accounting one partner who, by the agreement, was to furnish merely his time and labor in the business was properly credited with the amount paid by him for goods purchased for the business in his own name at the suggestion of the other partner whose duty it was to have furnished such goods, where the latter never became liable therefor.

6. The appellant in this case having failed to incorporate into the bill of exceptions a large number of amendments thereto, and it being claimed that many of them are not printed in the case and that matters agreed to be stricken out are printed therein, this court cannot, in such condition of the record, hold that the referee or the court erred in any of the findings as to the facts.

APPEAL from a judgment of the circuit court for Waupaca county: CHARLES M. WEBB, Circuit Judge. *Reversed.*

This action was brought to obtain a judgment for the dissolution of a partnership between the parties under the name and style of *W. H. Stacy*, at Keshena, Wis., for the appointment of a receiver, the application of the firm property to the payment of its debts, and a division of the remainder between the parties according to their rights, and for general relief. The defendant denied the existence of the partnership, and alleged that the plaintiff was engaged October 25, 1888, to conduct and carry on the merchandise business at Keshena, Wis., and was to receive as compensation one half of the profits; that there were no profits and nothing to be settled; and in all other respects he denied the allegations of the complaint.

The issues were heard, tried, and determined by a referee, who found that the parties entered into partnership in February, 1886, to conduct a general merchandise business on the Indian reservation at Keshena, Wis., the defendant furnishing the capital and the plaintiff contributing his time and experience in conducting the business, and they were to share the profits; that it was conducted in the name of *W. H. Stacy* until October 25, 1888, when they entered into an agreement in writing, in substance that *Stacy* was to furnish $20,000 in money or credit, if necessary, to carry on said business, and *Green* was to furnish his time and labor in running the store, and have the purchasing of all goods used in it, and to be purchased of parties named by *Stacy;* that *Green* should send all money derived from sales to

*Stacy* at Clintonville, until all debts were paid, except such as was used to pay clerk hire, freight, insurance, store scales, and incidental expenses not to exceed $25; that the concern was to pay interest on goods or cash not to exceed $400, the books to be kept by a competent bookkeeper under the instruction of both parties, the profits to be divided equally between the parties, and *Green* was to send all money on hand to *Stacy* every thirty days. The business was terminated October 8, 1889. The referee reported the state of the accounts of the parties, the debts and credits of each of the parties being tabulated in separate schedules annexed to and made a part of his report, from which it appeared that the company owed *Green* $979.50, and that the balance in the hands of the defendant belonging to it was $7,019.92.

Numerous exceptions were taken to the account by the respective parties, and upon argument on motions to confirm the report and for judgment and also to set aside the report, the court found, in addition to the findings of the referee and in modification of the statement of account: (1) That on the 8th of October, 1889, the defendant, without the knowledge or consent of the plaintiff, sold out the entire stock in trade, and took all moneys, books of account, personal property, and effects of the partnership into his possession and control, and without the consent of the plaintiff removed them to his residence at Clintonville, Wis., and had at all times since denied and refused the plaintiff any right to or control over the books, moneys, property, and effects of the partnership; (2) that the only assets, other than moneys in defendant's hands, consisted of accounts, notes, and securities arising out of the business and due to the partnership, exceeding $11,000 in face value; (3) that the partnership debts and liabilities had all been paid, except some small accounts not exceeding $600, which the defendant refused to pay, insisting that they were not proper partnership debts, and the defendant had been repaid for all

moneys, goods, or capital furnished or contributed by him; (4) that a part of said accounts, notes, etc., are good, and that the amount which can be collected thereon exceeds, in the opinion of the court, the amount of the liabilities of the firm; (5) that in November, 1889, the plaintiff demanded of the defendant a settlement and accounting of the partnership business, and that he account to the plaintiff for his share of the profits, all of which the defendant refused.

The court restated the accounts, and corrected some errors and omissions in the referee's statement, but did not change the principle of taking and stating the accounts, the result of which was that it was found that at the termination of the partnership, October 8, 1889, there was due from the partnership to the plaintiff $994.50, which remained unpaid; that *Stacy* had in his hands, belonging to said partnership, over and above what was due him for all contributions, credits, or otherwise, $7,454.58, no part of which he had paid or accounted for; that, deducting therefrom the amount due the plaintiff, there remained as net profits of the business $6,460.08 in the hands of the defendant, one half of which ($3,230.04) belonged to the plaintiff; that, adding thereto the $994.50 due the plaintiff from the partnership, the amount due the plaintiff from the defendant October 8, 1889, was $4,224.54, to which the court added, for interest thereon from that date to the time of the trial, $981.46, amounting in all to $5,206, for which sum, with costs, a personal judgment was given in favor of the plaintiff and against the defendant, and it was provided that the parties or either of them might apply upon the foot of the judgment for an order appointing a receiver, to receive the assets belonging to the firm and to collect the accounts and credits due to the firm, with the usual powers, etc. From this judgment the defendant appealed.

For the appellant there was a brief signed by *Chas. W. Felker* and *Goldberg & Hoxie*, and a separate brief by *Mr.*

*Felker*, and oral argument by *Benjamin M. Goldberg* and *Mr. Felker*. They argued, among other things, that in an accounting between partners the partnership accounts only are to be considered. Personal accounts and demands are not cognizable, even though there are but two partners. *Rosenstiel v. Gray*, 112 Ill. 282; *Evans v. Bryan*, 95 N. C. 174; *Gorham v. Farson*, 119 Ill. 425; *Turnipseed v. Goodwin*, 9 Ala. 372; *Jones v. Jones*, 23 Ark. 212; *Fletcher v. Reed*, 131 Mass. 312; *Gordon v. Gordon*, 49 Mich. 501; *Gandolfo v. Appleton*, 40 N. Y. 533; 17 Am. & Eng. Ency. of Law, 1276, note; *Carey v. Williams*, 1 Lea, 51; *Wells v. Babcock*, 56 Mich. 276; *Smith v. Diamond*, 86 Wis. 359; *Dimond v. Henderson*, 47 Wis. 172. Where one partner works in and about the partnership in any manner, and finds no fault and asks no compensation until afterwards, he is not entitled to any compensation. 2 Lindley, Partn. 774, 775; *Caldwell v. Leiber*, 7 Paige, 493; *Lee v. Lashbrooke*, 8 Dana, 214; *Cunliff v. Dyerville Mfg. Co.* 7 R. I. 325; *Beatty v. Wray*, 19 Pa. St. 516; *Heath v. Waters*, 40 Mich. 457; Story, Partn. § 182. Excess of labor on his part, however great, is no ground for such a claim. *Brownell v. Steere*, 29 Ill. App. 358; *S. C.* 128 Ill. 209; *Lindsey v. Stranahan*, 129 Pa. St. 635; *Frank v. Webb*, 67 Miss. 462. It was error to render personal judgment against *Stacy* when it appears that a large portion of the assets were uncollected and that several suits were pending against him on the firm business. 17 Am. & Eng. Ency. of Law, 1293, 1294, note; *Smith v. Knight*, 77 Iowa, 540; *Rosenstiel v. Gray*, 112 Ill. 282; *McGillvray v. Moser*, 43 Kan. 219; *Buckingham v. Ludlum*, 29 N. J. Eq. 345; *Paine v. Paine*, 15 Gray, 299; *Carper v. Hawkins*, 8 W. Va. 291; Black, Judgm. § 47; *Kingsbury v. Kingsbury*, 20 Mich. 212; *Garner v. Prewitt*, 32 Ala. 13; *Raynor v. Raynor*, 94 N. Y. 248. Where one partner furnishes all the capital and the other is a partner in the profits only, the stock is not partnership property. *Stumph v. Bauer*, 76

Ind. 157; *Appeal of York Co. Bank*, 32 Pa. St. 446; *Rushing v. Peoples*, 42 Ark. 390. *Green* has no specific interest in any particular part of the property of the firm; his interest consists of his portion of the residue left after payment *of all the debts and liabilities* of the firm and the adjustment of their partnership claims against each other. *Douglas v. Winslow*, 20 Me. 89; *Noonan v. Nunan*, 76 Cal. 44; *Tobey v. McFarlin*, 115 Mass. 98; *Staats v. Bristow*, 73 N. Y. 264. See, also, Ewell's note to 2 Lindley, Partn. (2d ed.), 517, and cases cited. As a general rule interest will not be allowed upon partnership accounts until after a balance is struck on settlement between the partners. 1 Lindley, Partn. 391,. note; *Gilman v. Vaughan*, 44 Wis. 646; *Gage v. Parmelee*,. 87 Ill. 330.

*E. J. Goodrick*, for the respondent, contended, *inter alia*, that one partner may have an accounting and recover his share of the profits in the hands of the other who holds all the assets, notwithstanding there are unpaid judgments against the firm. *Smith v. Fitchett*, 56 Hun, 473; *Brinley v. Kupfer*, 6 Pick. 179; *Tyng v. Thayer*, 8 Allen, 391.

PINNEY, J. 1. The copartnership between the plaintiff and defendant was dissolved when the defendant sold out the stock of goods at Keshena belonging to the firm and terminated its business. As there was no agreement to the contrary, each partner had then a right to insist on a sale of the partnership assets and that they be converted into money, and neither had the right to have the partnership property or any portion of it divided in specie. The right to wind up its affairs — that is to say, to get in its credits, convert its assets into money, pay its debts, and divide the residue — belonged as much to one of the late partners as to another. If recourse is had to the court for that purpose, it will, if necessary, appoint a receiver, direct a sale of the assets and payment of partnership debts, settle all questions.

of account between the partners, and make division of the residue, if any, in proper proportions. Lindley, Partn. (6th ed.), 602–604. This action was instituted to effect these purposes. It was as essential to the proper winding up of the affairs of the firm that an account should be taken of its debts or dealings with third persons as of its assets or of the dealings and accounts of the partners of the firm. 2 Daniell, Ch. Prac. *1249. The rights of the firm creditors are worked out through the equities of the partners, upon a dissolution, to have the partnership property applied to the payment of the debts of the partnership. The rights of partners are restricted to the residue that may remain after the payment of the creditors and the adjustment of the accounts of the partners. Lindley, Partn. 430; *Tobey v. McFarlin*, 115 Mass. 101. It does not appear that any proper account has been taken or stated of the partnership debts. Each partner had an equal right to insist that the partnership assets should be first applied to the payment of its debts and then to the adjustment of their partnership claims as against each other. It is only the residue, if any, that may be divided between them as profits. The court should have reduced the notes, accounts, etc., of the face amount of $11,000, to money, by the collection or sale of them through a receiver, before rendering a final judgment charging the defendant with a gross sum as the plaintiff's share of the profits, upon the supposition and belief that the uncollected assets would more than pay the unpaid debts to the amount of $600.

An account of all partnership matters and dealings is essential to a final decree in an action for accounting by one partner against the other, for all partnership matters should be adjusted by the decree. The rule is stated to be that " no personal decree is to be rendered against individual partners until the assets have been converted into money; that is to say, the excess of receipts by a partner over his disbursements is not to be ordered paid in by him to the re-

ceiver before the assets have been exhausted, but is a mere item to be debited to him on the final balance; nor, where all the debts have been paid except what is owing from one partner to the other, should this be ordered paid until the assets are collected,— that is, the creditor partner is to be paid out of the proceeds of the assets if possible." Bates, Partn. § 971. And this view seems to be well sustained. *Tyng v. Thayer*, 8 Allen, 391; *Paine v. Paine*, 15 Gray, 299, 300; *Brinley v. Kupfer*, 6 Pick. 181; *Wild v. Milne*, 26 Beav. 505; *Rosenstiel v. Gray*, 112 Ill. 286; *McGillvray v. Moser*, 43 Kan. 219; *Johnson v. Mantz*, 69 Iowa, 710; *Allison v. Davidson*, 2 Dev. Eq. 79, 87; *Moore v. Wheeler*, 10 W. Va. 35, 41.

The defendant was entitled to have the partnership property and assets reduced to money by sale or collection, and applied to the payment of the debts of the partnership, before the plaintiff could have a judgment *in personam* against him for his supposed share of the profits. For this reason the judgment of the circuit court will have to be reversed, and the cause remanded with directions to appoint a receiver for that purpose.

2. As the defendant denied the existence of the partnership, and denied that profits had been realized, the rule laid down in *Carroll v. Little*, 73 Wis. 52, should be applied to the case, and interest on the sum finally found due should be allowed only from the commencement of the action. It is proper here to state that the defendant was not entitled to any greater sum for interest on goods or cash contributed than the $400 stipulated in the written contract between the parties. The evidence does not establish any subsequent agreement for any other sum as interest, and therefore his claim in that respect was properly disallowed. Bates, Partn. § 781; 1 Lindley, Partn. 389.

3. The bill of exceptions and the printed record are in such an obscure, confused, and contradictory condition that

we cannot attempt to review the case upon the facts with any assurance that we will not be committing instead of correcting error. About seventy amendments were proposed to the bill of exceptions and filed with the clerk, with the stipulation that all but four of them should be "and *are hereby* incorporated in said bill," but no attempt was made to embody them in the bill. The appellant seems to have embodied some of them in the printed case, but respondent's counsel devotes seven pages of his brief to showing in detail that many of them were not so printed and that matter agreed to be stricken out had been printed and insisted on by appellant as ground for reversal. The court is left to locate these amendments in their proper places, and then to ascertain, if possible, how nearly the printed case conforms to the record when thus corrected. It is obvious that the bill of exceptions has been prepared and settled in entire disregard of correct practice, and ample cause existed for striking it out. The case appears to have occupied the attention of the referee fourteen days, and the circuit court seems to have carefully reviewed and in some respects corrected his report in minor particulars, increasing the amount found due from the defendant to the plaintiff about $172; but of this increase no complaint is made. We cannot, in this condition of the record, safely affirm that the referee or court erred in any of its findings as to the facts.

4. The contention that the referee erroneously refused to admit proof to show that the Stacy Logging Company, consisting of the parties to this action and three others, was not a financial success and was heavily indebted, and that the charge against that company, as it appeared upon the books of the Keshena store, for $2,528.16, had not been paid, and that the defendant had not received any portion thereof, is not sustained by the record. The statement of this ruling in the bill appears to have been stricken out by amendment. This sum of $2,528.16 is for goods and supplies sold by the

parties to this action to the Stacy Logging Company, and was due to their firm. Whether it had been paid to or the defendant had received the benefit of that sum as a credit in his personal account and dealing with the Stacy Logging Company, was a question tried before the referee and determined in favor of the plaintiff, and that finding was approved by the court. Evidence was given tending to sustain the charge as a proper one against the defendant; and although the defendant testified that he never made any arrangement with the plaintiff whereby he was to assume that account, and did not know or think that it had been credited to him and the plaintiff, or himself personally, upon the books of the Stacy Logging Company, yet, on cross-examination, he testified that "the heft of this was credited up to me at Oshkosh," and he does not deny that he received the benefit of the entire sum. In view of all the facts and circumstances and the condition of the record, we cannot say that he was improperly charged with this item.

5. The allowance of $184 to the plaintiff, complained of, was not for his personal services, but for the work of his team in the partnership business at Keshena, and seems to be free from objection.

6. The evidence in respect to the charge of $500 for insurance money, and $500 for the lot at Bessemer, belonging in fact to the plaintiff, tends to show that the money for these items was received by the defendant and used in the partnership business, and that the plaintiff was credited with it on the books. But it was urged that this charge and an item of $250 charged to *Stacy* as advanced to him or for his use and benefit, and in respect to which the evidence is not entirely clear, were not partnership transactions or proper items in the partnership account, but were individual claims by the plaintiff against the defendant, and could not be properly litigated in this action. The rule is that merely personal claims are not cognizable in an action to take and

settle partnership accounts, even though there are, as in this case, only two partners.   In *Smith v. Diamond*, 86 Wis. 359, which was on demurrer, it was said that: "Neither partner can ascertain and enforce in such action any individual account against his copartner, no matter how such claim arose or what the state of the account of each partner with the firm may be, . . . for a partner has no claim against his copartner individually on account of partnership transactions.  If a partner is in arrears in his partnership account, he is the debtor of the firm, not of his copartner. But, if he owes an individual debt to his copartner, the firm has nothing to do with it, and a claim therefor cannot have any place in an action to dissolve the partnership and settle its affairs."   Objection was made on this ground to the claim for $1,000 for the insurance money and proceeds of the Bessemer lot, but the parties thereafter proceeded to litigate the items mentioned, on the merits, and they have been passed upon by the referee and court.   The objection is, in substance, that it would be a misjoinder of causes of action to admit these claims; but where, as in this case, there are only two parties, and it is plain that no inconvenience or embarrassment has been occasioned from the course pursued, and that no injustice has resulted, we think that the objection must be regarded as waived, and that the error in this case is one that does not "affect the substantial rights of the adverse party," and that under sec. 2829, R. S., it furnishes no ground for reversal of the finding or judgment. *Decker v. Trilling*, 24 Wis. 610, 615.

7. The item of $1,470, objected to by the defendant, was for goods purchased by the plaintiff of Upham & Russell in his own name, and which went into the business of the firm, and he was allowed that sum in his credits by the referee and the court.   The evidence tends to show that the goods were purchased by the plaintiff in his own name with the defendant's knowledge and in fact at his suggestion.   It was

the duty of the defendant, as between him and the plaintiff, to have furnished these goods. The plaintiff furnished them, and he was on this basis rightly entitled to credit for the amount. The evidence does not show that the defendant ever became or was liable to Upham & Russell for the goods, and, as they were furnished to him by the plaintiff, the credit seems to be just.

The result is that, except as already stated, we are not able to say that there is any reversible error in the account so far as it was taken; but, for the error specified in prematurely rendering a personal judgment against the defendant, the judgment of the circuit court must be reversed, and the cause remanded with directions to appoint a receiver to reduce the remaining assets to money and to take an account of the debts of the partnership remaining unpaid, and for further proceedings according to law.

*By the Court.*— Judgment is ordered accordingly.