Pendleton vs. Beyer and another.

PENDLETON, Appellant, vs. BEYER and another, Respondents.

*September 4 — September 22, 1896.*

*Partnership: Accounting and settlement: Equitable setoff: Counterclaim.*

1. In an action by one partner of a dissolved firm against the others for an accounting and settlement of the partnership affairs, if the plaintiff is insolvent the court may, in the exercise of equitable jurisdiction and independently of the statute relating to setoffs, require that whatever sum may be found due the plaintiff from the partnership shall first be applied to the payment of claims against the plaintiff, owned by the defendants severally, and upon which actions at law would be futile, even though such claims grow out of matters entirely outside of the partnership transactions; and whether such claims can be deemed technical counterclaims or not, they may properly be set up in the defendants' answer.

2. Such claims of the defendants may be allowed to be thus set off against any sum found due the plaintiff, even though they are against the plaintiff and another, if both are insolvent and the claims are several as well as joint.

APPEAL from an order of the circuit court for Fond du Lac county: N. S. GILSON, Circuit Judge. *Affirmed.*

The action is brought for the settlement of the accounts of a partnership which has already been dissolved. It is not stated whether there are any firm creditors. The plaintiff alleges that on settlement there will be found a large sum due him. He demands judgment for the recovery of such sum as may be found due him on such settlement. The answer denies that anything will be found due the plaintiff on settlement, and alleges that plaintiff is insolvent, and sets up by way of counterclaim several claims against the plaintiff, owned by the defendants severally; some relating more or less to the transactions of the partnership, and some growing out of matters entirely independent of the partnership transactions. The answer asks that these several claims be set off against whatever sum may be found

due the plaintiff, and judgments in favor of the defendants severally for any balance in their favor. The plaintiff demurred to that part of the answer which sets up these alleged counterclaims, on the grounds that such counterclaims are not proper to be pleaded in such an action and do not show a cause of action against the plaintiff. The demurrer was overruled, and the plaintiff appeals.

The cause was submitted for the appellant on separate briefs by *Bouck & Hilton* and *F. F. Wheeler*, and for the respondents on the brief of *Greene, Vroman & Fairchild.*

NEWMAN, J. This case is anomalous. Strictly speaking and in the ordinary sense of the word, the plaintiff has no *claim* to enforce against his copartners or either of them. If the defendants owe anything, they owe it to the partnership and not to the plaintiff. If anything is due from them, it is due to the partnership and not to the plaintiff. *Sprout v. Crowley,* 30 Wis. 187; *Smith v. Diamond,* 86 Wis. 359. Hence the plaintiff has, strictly, no *claim* against the defendants, or either of them. The credits of the firm are to be collected and applied to the payment of its debts, and the residue, if any, is to be distributed among the partners in proportion as they are entitled under the partnership agreement. This is usually done through the instrumentality of a receiver. Not until after the payment of firm debts and the ascertainment of the residue can any claim arise in favor of any partner. The plaintiff, then, would not be entitled to a judgment against the defendants, or either of them, for his share is not due from them, but from the partnership fund. It is a fund in court, to be distributed under direction of the court. So, too, if a partner owes an individual debt to his copartner, that in no way concerns the firm, and, under ordinary circumstances, a claim for such a credit can have no place in an action to dissolve a partnership and settle up its affairs. *Smith v. Diamond, supra.*

It is manifest that the claims against the plaintiff which the defendants propose to set off against this problematic claim of the plaintiff are not such claims as are authorized to be set off by either the statute of setoffs or counterclaims. R. S. secs. 2656, 4264. They are, at least, not claims "existing in favor of a defendant and against a plaintiff, between whom a several judgment might be had in the action." But, while setoff is altogether of statutory origin, equity had a well-established jurisdiction and practice regulating setoffs before any statute on the subject was passed. In general, the right was limited to matters "connected with the subject of the action," and could only be founded upon matters relied upon in the complaint. The debts to be set off must have some connection with each other. But in case of mutual demands, and in cases where the debt due the party claiming the setoff is so situated that it is impossible for him to obtain satisfaction of such debt by an ordinary suit at law or in equity to recover the same, a court of equity would compel an equitable setoff of one debt against the other. And the insolvency of the party against whom the setoff is claimed was held to be a sufficient ground for the exercise of this jurisdiction of the court of equity in allowing a setoff in cases not provided for by the statute. This court has recognized the existence of that jurisdiction. In *Spear v. Dey*, 5 Wis. 193, the court say: "In a proper case a court of equity would undoubtedly, by virtue of its general jurisdiction, apply the doctrine of setoff, independently of the statute." Many times it has referred to the insolvency of the party against whom the setoff is claimed as being a sufficient ground for the exercise of that jurisdiction. *Hiner v. Newton*, 30 Wis. 640; *Linderman v. Disbrow*, 31 Wis. 465; *Body v. Jewsen*, 33 Wis. 402; *Seligmann v. Heller Bros. Clothing Co.* 69 Wis. 410; *Jones v. Piening*, 85 Wis. 264. The doctrine is held in many cases. A few will be mentioned. *Gay v. Gay*, 10 Paige,

369; *Ives v. Miller*, 19 Barb. 196; *Cummings v. Morris*, 25 N. Y. 625; 22 Am. & Eng. Ency. of Law, 418–420, and cases cited.

This case seems to come within the spirit of this equitable doctrine. The plaintiff is insolvent. If, on the accounting and settlement of the partnership matters, anything shall be found due the plaintiff from the partnership, and it should be paid over to him, it would, apparently, be impossible for the defendants to obtain satisfaction of their claims against him. Actions at law upon these claims would be futile. So it seems that justice requires whatever sum may be found due to the plaintiff shall be applied to the payment of these claims of the defendants.

It matters little whether these claims shall be deemed technically counterclaims. They are deemed at least proper claims to be subtracted from such amount as shall be found due the plaintiff on such accounting, and it was proper at least that the plaintiff should be notified of the defendants' intention to ask to have them so applied.

Some of these proposed setoffs are against the plaintiff and another. Both are alleged to be insolvent. If these claims are several as well as joint, there is no valid reason why they also should not be applied in this way as setoffs.

*By the Court.*— The order of the circuit court is affirmed.