CARPENTER, Respondent, vs. FULMER and another, Appellants.

*June 4—June 18, 1903.*

*Setoff: Contracts: Bonds: Conditions: Construction: Breach: Principal and surety: Liability of surety.*

1. Except in cases for equitable consideration, the right of statutory setoff must exist between all the parties plaintiff and all the parties defendant, and from and to those persons only who are parties to the action.
2. Where one of the co-obligees in a bond assigned his rights therein to the other obligee, and such assignee brought action on the bond, the indebtedness evidenced by a note given to the obligor in the bond by the assigning obligee and another cannot be set off against the liability arising on the bond.
3. A contract provided, among other things, that the buyer should have possession of certain "cedar posts and poles," should sell the same, and deposit the proceeds to the amount of $3,000 in a designated bank in two instalments, on specified dates. A bond was given, conditioned that should the property, "when sold, not bring the amount of $3,000," the obligor and surety "will pay the deficiency if any, *in the manner* above set forth;" and that "this bond is given to secure the performance of a certain contract entered," etc., between the parties. The bond was further conditioned that the parties thereto should well and truly carry out all of the above agreement without fraud or delay. In an action on such bond there was no evidence that any sum was so deposited to the credit of the obligee at the said bank. *Held,* that the failure to do so was a breach of the contract and bond, and gave the obligee the right to demand payment from the principal and surety on the bond.

APPEAL from a judgment of the circuit court for Florence county: JOHN GOODLAND, Circuit Judge. *Affirmed.*

This is an action to recover on a contract. Plaintiff and J. F. Keeton made a contract October 20, 1899, with defendant *Fulmer,* whereby defendant *Fulmer* purchased from plaintiff and Keeton the right, title, and interest in the stock, real and personal property, and all claims, moneys, and assets as well as all actions and rights of action which had ac-

crued or were to accrue of the D. M. Fulmer Lumber Company, a corporation, and all of their right, title, and interest in and to the demands, claims, or causes of action in their favor and against the D. M. Fuller Lumber Company, a co-partnership, and to discontinue all actions then pending brought by them against said corporation, copartnership, or *D. M. Fulmer* personally. *D. M. Fulmer* agreed to pay as consideration therefor and in settlement of all actions pending the sum of $5,000 in the following manner: $2,000 at the date of agreement, $1,500 July 1, 1900, $1,500 October 1, 1900, and as further consideration agreed to save plaintiff and Keeton harmless from any and all claims, demands, and causes of action which they might be held liable for as members of the copartnership, or as stockholders and officers of the corporation. *D. M. Fulmer* further agreed to execute a bill of sale of all cedar poles and posts in the D. M. Fulmer Lumber Company's yard at Florence, Wisconsin, which were to be left in *Fulmer's* possession, with the right to sell and "deposit the proceeds derived from the sale of said poles and posts to the amount of $3,000 in the State Bank of Florence, in the following manner: $1,500 on or before the 1st day of July, 1900, and $1,500 on or before the 1st day of October, 1900; said sums to be deposited to the credit of the parties of the second part [plaintiff and Keeton]; and it is expressly agreed that *D. M. Fulmer* is to retain all the money over and above $3,000 for which he may sell said cedar poles and posts." *Fulmer* further agreed to give a bond, with sureties, to be approved by plaintiff and Keeton, that he would deposit the proceeds derived from the sale of poles and posts to the amount of $3,000 as specified. It further appears that on the date of the contract *D. M. Fulmer,* as principal, and *Peter McGovern,* as surety, gave a bond to plaintiff and Keeton in the penal sum of $3,000, which in terms states:

"But should the property aforesaid [poles and posts] when sold not bring the amount of $3,000, then the said *D. M.*

*Fulmer* and *Peter McGovern* will pay the deficiency, if any, in the manner above set forth. This bond is given to secure the performance of a certain contract entered between *D. M. Fulmer* and John F. Keeton and *J. S. Carpenter* of even date with this bond."

No evidence was offered upon the trial as to whether the poles and posts had been sold or not. The contract provisions pertaining to the deposit of the money in the bank, to be applied on the notes, have not been complied with. Keeton assigned to plaintiff all his right, title, and interest in the contract and bond and the poles and posts on October 20, 1899. This action is a consolidation of two actions brought against defendants, the principal contractor, and *Peter McGovern,* as surety in the bond, to recover the amount of the $3,000 due on the contract. Defendant *Fulmer* alleges by way of setoff to plaintiff's claim a note executed by John F. and H. C. Keeton October 3, 1893, for $850, with interest, payable to himself. The court, upon motion, struck out defendant's allegation covering the setoff as not a proper claim for setoff in this action, and awarded plaintiff judgment for the $3,000, with interest and costs. Defendants appeared and answered separately after the actions were consolidated. From the judgment entered, the defendants appealed.

For the appellants there was a brief by *Max Sells* and *A. W. Shelton,* and oral argument by *Mr. Shelton.*

*W. B. Quinlan,* for the respondent.

SIEBECKER, J. Error is assigned upon the action of the court striking out that part of *Fulmer's* answer alleging a setoff in his favor on the note owned by him for $850 and interest, given by John F. and H. C. Keeton. The plaintiff is no party to this note in any form. It furthermore appears that H. C. Keeton is a party to this note as maker, but is not a party to this action. How this note could be treated as a proper setoff in an action between the parties to this contract

we cannot perceive. *Carpenter,* the party plaintiff .in this .action, was in no wise liable on the note, nor is H. C. Keeton, the joint maker of the note, in any way connected 'with or liable on the contract. The nature of a setoff is predicated upon the grounds that it constitutes, in effect, a cross-action by defendant against plaintiff, and requires that there be mutuality of claims. In cases of statutory setoff the right -thereto must exist between all the parties plaintiff and all the parties defendant, and from and to those persons only who .are parties to the action, except in cases for equitable con--sideration. See *Pendleton v. Beyer,* 94 Wis. 31, 68 N. W. 415. The matters alleged did not constitute a setoff between -the parties. *Dart v. Sherwood,* 7 Wis. 523; *McConihe v. .Hollister,* 19 Wis. 269; 22 Am. & Eng. Ency. of Law, 280.

It is. further contended that the court erred in awarding judgment on the agreement and ·bond against *Peter McGov--ern,* on the ground that no liability was shown against *Mc-Govern* as surety on the bond. In support of this contention appellants assert that the provisions of the contract and bond ·should be interpreted together as the agreement of the parties ·covering this transaction, and that the terms of the bond must . be strictly construed in the surety's favor to ascertain his liability. Applying these rules to the contract and bond 'before us, what is the effect of the agreement evidenced by the contract and bond? It is stipulated in the contract that ·the $3,000 to be paid by *Fulmer* in the manner specified was to be secured by a bill of sale of the cedar poles and posts then in the lumber yard at Florence; that they were to remain in *Fulmer's* possession, to be sold by him, and the. proceeds to 'be deposited to the credit of plaintiff and Keeton to the· .amount of $3,000 in the State Bank of Florence for the payment of the amount unpaid on said contract, in the following manner: $1,500 on or before July 1, 1900, and $1,500 on or 'before October 1, 1900, and he to retain all sums realized .above said amounts. These poles and posts were left in *Ful-*

*mer's* possession to the purpose that he sell them and deposit the proceeds from the sale thereof in the manner and to the respective amounts specified on or before the 1st of July and the 1st of October, 1900, to plaintiff and Keeton's credit. The condition of the bond, among other things, states: "Should the property [poles and posts] when sold not bring the amount of $3,000, the said *D. M. Fulmer* and *Peter McGovern* will pay the deficiency, if any, *in the manner* above set forth;" and that "this bond is given to secure the performance of a certain contract entered," etc., between the parties; and, further, that the parties to this agreement should well and truly carry out all of the above agreement without fraud *or delay*. Interpreting the terms of the contract and bond as applied to this transaction, the result is that *Fulmer* was to make sale of the poles and posts, deposit what proceeds he received to plaintiff's and Keeton's credit in the bank to the amount specified in the contract as a payment of the unpaid consideration, and, if a sufficient amount was not so deposited, then *Fulmer,* and *McGovern,* as his surety, were required to pay whatever amount was necessary to pay the $1,500 instalments when due without delay. It must, therefore, follow that *McGovern* was bound, as surety on the bond, to pay whatever remained unpaid on each instalment of $1,500 at the time it became due. Nothing appears that any sum was so deposited to the plaintiff's and Keeton's credit at the bank. The failure to do this is a breach of the contract and bond, and gives plaintiff the right to demand payment from the principal and his surety. The judgment of the trial court was properly awarded.

*By the Court.*—Judgment affirmed.