Florence Reinhardt, Administratrix, etc., Appellee, v. Louis Reinhardt, Appellant.

288

Opinion filed May 29, 1933.

HERBERT F. LILL and P. K. JOHNSON, for appellant.

FARMER & KLINGEL, for appellee.

MR. JUSTICE EDWARDS delivered the opinion of the court.

This is a suit for a partnership accounting by Florence Reinhardt, administratrix of the estate of Arthur Reinhardt, deceased, appellee, against Louis Reinhardt, appellant.

In the year 1926, Arthur Reinhardt and appellant entered, by oral agreement, into an equal partnership in the meat business at Mascoutah, which continued until September, 1929, when Arthur Reinhardt claimed he was forced out of the business, and brought a suit for accounting. He shortly afterward died; appellee was appointed administratrix of his estate, and filed an amended and supplemental bill in the cause, following in general the allegations of the original bill, and in addition, averring that appellant possessed himself of all the partnership assets, running the business as his own, and using all the profits thereof. The bill prayed that an account be taken; that there be ascertained the extent of the property and assets converted by appellant, and that he be decreed to pay the amount due appellee as such administratrix; that she have judgment against him for such amount, on account of such conversion of the partnership property, and for general relief.

Appellant answered the bill, denying the conversion; also, that he had refused an accounting; further averring that he was, and at all times had been, willing to sell and dispose of the assets, pay the firm debts, and divide the surplus equally between the parties hereto.

The cause was referred to the master in chancery, who rendered his report finding generally for appellee, and recommending a decree in her favor. Exceptions to the report were overruled by the chancellor, and a decree rendered, finding that appellant was guilty, as charged, of converting the partnership assets, and that he had never accounted for same; that at the time of the death of Arthur Reinhardt, the net value of his interest in the business, not including the good will, was the sum of $3,014.56; that appellant has paid, for the benefit of appellee, certain amounts aggregating $417.97, since the death of her husband, and that appellee is entitled to recover of appellant the difference between said amounts, or $2,596.59.

The decree, without making any finding whatsoever that there were any partnership debts or obligations, or the total thereof, proceeds to order that appellant assume all the debts of the firm, without stating the amount, and that he, within 30 days, pay to appellee said sum of $2,596.59; that in default thereof, execution issue. It further provides that upon payment by appellant of said amount, costs of suit, and the assumption by him of all the debts of the partnership, that appellee be divested of any and all claim which she may have to the property or assets of the firm.

From this decree appellant has appealed, contending, among other reasons for its reversal, that when a decree orders a dissolution of a partnership, there must be a provision for the payment of the firm debts, and for the distribution of the partnership property; that a personal judgment cannot be rendered in favor

of one partner against another, until the firm assets have been converted into cash, and the liabilities paid therefrom.

The law appears to be well settled that in case a decree orders the dissolution of a partnership, it must, if there be debts, first order the conversion of the assets into money, and provide for the payment of the liabilities. Until this is done, there is no interest or equity in favor of either partner, in the firm property.

In *Green v. Stacey,* 90 Wis. 46, 62 N. W. 627, it was held that a personal judgment should not be rendered against one partner, for an amount supposed to be due him from the other, until the assets are reduced to cash, and the debts paid.

The case of *Bagg v. Osborne,* 169 Minn. 126, 210 N. W. 862, states the rule to be that the presence of debts will compel a sale of the assets, and a personal judgment may not be rendered against the individual partners until the assets have been converted into money, and that the best method of ascertaining the value of the property is to sell same. One partner cannot compel another to buy according to the valuation fixed by the court, nor should one have to submit to a sale on such basis. The fact that a sale cannot now be favorably made, does not modify the rule. No personal judgment is to be rendered against an individual partner until the assets have been converted into money.

The Supreme Court, in *Trowbridge v. Cross,* 117 Ill. 109, quoting with approval from an earlier case, stated, "it is the settled rule that no one partner has a right or share in the firm property, except the portion which remains after full payment of all debts and liabilities of the partnership; and it thence follows that each partner has a right to have the same applied to the due discharge and payment of all such debts and liabilities before any of the partners, or his personal rep-

resentatives, or his individual creditors, can claim any right to the same.'' The rule is similarly declared in *Bopp v. Fox,* 63 Ill. 540.

In the instant case, the decree does not find the amount of the firm debts, nor does it, in fact, find that there are any liabilities; yet, without such necessary findings, it proceeds to direct one partner to assume all the partnership obligations, when, so far as the chancellor's findings are concerned, there were none; or, if there were, the amount thereof is not ascertained. It might well be that the firm obligations were more than its assets, in which event such an order would be highly inequitable.

In our opinion, within the rule as stated in the authorities cited, the decree should have found whether or not there were firm debts, and if so, the amount of same. It should then have directed a conversion of the assets into cash, and the application of same to the satisfaction of such liabilities; after which, if any overplus remained, it be divided between the partners according to their equities and interests, as the court should find them.

For the reasons indicated, the decree is reversed and the cause remanded, with directions to enter a decree in conformity with the views herein expressed.

*Reversed and remanded with directions.*